**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) CR 18-01013-001-TUC-CKJ(BPV) |
|---|---|
| Plaintiff, | ) |
| v. | ) **MOTION TO SUPPRESS** |
|  | ) **TEXT MESSAGES OBTAINED IN** |
| Matthew Bowen, | ) **VIOLATION OF THE FOURTH** |
|  | ) **AMENDMENT** |
| Defendant. | ) |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., pursuant to Fed. R. Crim. P. 12(b)(3)(C) and the Fourth Amendment to the United States Constitution, hereby moves to preclude the Government from introducing at trial any and all text messages sent or received on any date other than December 3, 2017.[1] This motion is supported by law, as set forth in the accompanying Memorandum of Points and Authorities.

---

[1] This motion only addresses the validity of the Search Warrant executed in this case. Defendant reserves the right to object to any and all text messages that the government seeks to introduce on other legal bases as well.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   FACTS RELEVANT TO THIS MOTION

The indictment alleges that on December 3, 2017, Mr. Bowen violated the civil rights of an alien, A.L.-A., while effectuating his arrest in the course and scope of his employment with the U.S. Border Patrol. The indictment further alleges that on December 12, 2017, Mr. Bowen falsified a report of the event. (Doc. 1.)

Border Patrol Agent Matthew Jaseph was a percipient witness to the December 3 event. He told investigators that *on the same day as the incident*, he and Mr. Bowen exchanged a few text messages about it using their personal cell phones, however he could not provide them because he erased them. Mr. Bowen subsequently refused to consent to a search of his phone, and agents ultimately obtained a search warrant for his, as well as Agent Jaseph's, cell phone. (Affidavit in support of search warrant 18-04331MB at ¶ 17.) (Bates 309.) The warrant, issued on March 22, 2018, set forth as probable cause the following relevant passages:

> ¶ 20.   On December 27, 2017, two (2) separate Inspector General (IG) subpoenas were served; 1) on the telecommunications canier T Mobile, and 2) on the telecommunications carrier AT&T Mobility. Both subpoenas requested subscriber, billing, device descriptions, and call data, for the date range December 1, 2017 to December 15, 2017, for the known telephone numbers being utilized by BP A Bowen (T Mobile), and BPA Jaseph (AT&T Mobility).

> ¶ 21. … Call data reviewed from the subpoena Reply revealed SMS messaging (text messaging) between 520-440-5735 (BPA Jaseph's cellular telephone number) and 843-457-1679 (BPA Bowen's cellular telephone number) during the morning hours on December 3, 2017 - evidence of these text messages would

corroborate statements made by BPA Jaseph that after the arrest of [L.A.] on December 3, 2017, BPA Jaseph and BPA Bowen exchanged text messages between each other about the arrest of Lopez-Aguilar.

¶ 23. On February 7, 2018, an IG subpoena was served on Cellco Partnership, DBA Verizon Wireless (Verizon Wireless). This subpoena requested subscriber, billing, a device description, and call data for the date range December 1, 2017 to December 31, 2017 for BPA Bowen's cellular telephone number (843-457-1679).

¶ 24. Call data reviewed from the Verizon Wireless subpoena reply revealed SMS messaging (text messaging) between 843-457-1679 (BPA Bowen's cellular telephone phone number) and 520-440-5735 (BP A Jaseph's cellular telephone phone number) during the morning hours of December 3, 2017 - evidence of these text messages would corroborate statements made by BPA Jaseph that after the arrest of [L.A.] on December 3, 2017, BPA Jaseph and BPA Bowen exchanged text messages between each other about the arrest of [L.A.].

(Id.) (Bates 310-12.)

On the basis of this information, the warrant application sought permission "to search for and seize evidence of violations of Title 18 United States Code, Section 242, described above that might be found on the cellular telephone described at Attachment B… ." (Id. at ¶ 26.) (Bates 314.) In addition, the application expressly limited the search to only those portions of the electronic storage media "that reasonably appear to contain some or all of the evidence described in the warrant… ." (Id. at ¶ 30.) To be sure, the "Conclusion" reiterates the affiant's request is for the warrant to authorize agents only:

> To search for, seize, and otherwise copy electronic storage media contained in the cellular telephone that reasonably appears to contain some or all of the evidence of violations of Title 18, United States Code, Section 242, described in the warrant; and to later review the

3

        seized and otherwise copied electronic storage media consistent with the warrant.

(Id.) (Bates 318.) The affidavit is clear. It established probable cause to believe evidence of a crime would be found *only* on text messages sent or received on December 3, 2017.

      Magistrate Judge Velasco authorized the warrant on March 22, 2018, and a Return was filed on March 27, 2018. (Bates 322, 326.) The Government has provided Extraction Reports that consist of 86 pages of disclosure (Bates 327-411) and which include 1328 individual text messages sent or received from November 20, 2017 through March 22, 2018. The only messages that are admissible, however, are those for which probable cause was established and pursuant to which the warrant was issued; that is, text messages sent or received on December 3, 2017. All of the other messages must be suppressed because they were obtained in violation of Mr. Bowen's Fourth Amendment right to be free from unreasonable searches and seizures.

## II. LAW

      Under the Warrant Clause of the Fourth Amendment "no Warrants shall issue, but upon probable cause, ... and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To satisfy these requirements, a warrant must comply with two distinct rules. First, it must describe the place to be searched or things to be seized with sufficient particularity, taking into account the circumstances of the case and the types of items to be seized. *See United States v. SDI*

*Future Health, Inc.*, 568 F.3d 684, 702 (9th Cir. 2009). Second, it must be limited by the probable cause upon which the warrant is based. *Id.* These aspects of specificity are referred to as "particularity" and "breadth." *Id.* Evidence obtained pursuant to a warrant that violates either requirement must generally be suppressed, unless an exception to the exclusionary rule applies, such as the exception for "a search conducted in good faith reliance upon an objectively reasonable search warrant." *Id.* at 706 (internal quotation marks omitted).

Nearly a decade ago the Ninth Circuit, sitting *en banc*, addressed the problem of over-seizing when it comes to searching electronic records in the context of the Fourth Amendment's particularity requirement. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1177 (9th Cir. 2010) (en banc) (reversed on other grounds). There, the Court called upon judicial officers to exercise "greater vigilance" in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures. "The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect." *Id.* at 1177; *see also United States v. Schesso*, 730 F.3d 1040, 1046 (9th Cir. 2013) (placing the onus on district courts to determine the proper balance). Then, in its only unanimous decision of the 2014 term, the Supreme Court recognized the unique nature of cell phones because of the quantity and quality of electronically stored information available on them. *Riley v. California*, 573 U.S. 373, 386, 396 (2014). For that reason, the Court imposed a search

5

warrant requirement for the search of cell phone and put the scope of a wholesale cell phone search in perspective by explaining that "it would typically expose to the government far *more* than the most exhaustive search of a house" *Id*. at 396, 401. (emphasis in original).

"Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The warrant for Mr. Bowen's cell phone appropriately limited agents to search for only text messages that were "reasonably likely" to constitute evidence of a violation of § 242. The factual basis contained within the warrant's underlying affidavit refers specifically to Mr. Bowen's text message exchanges with Agent Jaseph on December 3, 2017. Accordingly, probable cause was established as to that date and that date only. Further, the affidavit did not set forth any facts from which Judge Velasco could have concluded that evidence would be found in text messages sent or received on any other dates; thus, a more expansive interpretation of the warrant's authorization would violate the Fourth Amendment's particularity requirement. For that reason too, there can be no credible argument that agents relied in good faith on the warrant to conduct a search that spanned four months' time. *United States v. Leon*, 468 U.S. 897, 992 n.23 (1984).

### III.  CONCLUSION

For all the foregoing reasons, the Government should be precluded from introducing any text messages sent or received on any date other than December 3, 2017.

Respectfully submitted this 18th day of February, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:  /s/  Sean Chapman
            Sean Chapman

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 18, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara