**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) CR 18-01013-001-TUC-CKJ(BPV) |
|---|---|
| Plaintiff, | ) |
| v. | ) **MOTION IN LIMINE** |
|  | ) **TO PRECLUDE MENTION THAT** |
| Matthew Bowen, | ) **MR. BOWEN REFUSED TO** |
|  | ) **CONSENT TO CELL PHONE** |
| Defendant. | ) **SEARCH** |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., pursuant to Rules 104 and 401 et. seq. of the Federal Rules of Evidence, hereby moves to preclude the Government from telling the jury that Mr. Bowen refused to consent to search his cell phone. This motion is supported by law, as set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted this 18th day of February, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:  /s/  Sean Chapman
     Sean Chapman

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTS RELEVANT TO THIS MOTION

In the course of the investigation leading to Mr. Bowen's indictment, agents requested that he consent to a search of his cell phone in order to retrieve text messages they suspected were related to the alleged misconduct. Mr. Bowen refused, the agents ultimately obtained a search warrant, and extracted text messages from his cell phone that they will seek to introduce at trial. In laying the foundation for this evidence or for any other purpose, the Government should not be permitted to tell the jury that Mr. Bowen refused to give consent to search his cell phone.

### II.  LAW

The Ninth Circuit has held that a "refusal to consent to a warrantless search or seizure is privileged conduct which cannot be considered as evidence of criminal wrongdoing." *United States v. Prescott*, 581 F.2d 1343, 1351 (9th Cir. 1978) (holding that an individual cannot be penalized for passively asserting his Fourth Amendment right regardless of her motivation); *United States v. Taxe*, 540 F.2d 961, 969 (9th Cir. 1976) ("The prosecutor's comments on the Taxes' refusal to consent to a search of their trucks was misconduct."). Indeed, most courts of appeals agree that a prosecutor's argument that a suspect refused to allow a warrantless search cannot be used as evidence of guilt. *See, e.g., United States v. Runyan,* 290 F.3d 223, 249 (5th Cir. 2002) (noting that "circuit courts that have directly addressed this question have unanimously held that a defendant's refusal to consent to a warrantless search may not be presented

as evidence of guilt."); *United States v. Moreno*, 233 F.3d 937, 941 (7th Cir. 2000) ("The Fourth Amendment entitled the Morenos to withhold their consent to the search, and so to have held up Mr. Moreno's invocation of that right, purportedly at his partner's urging, as evidence that Ms. Moreno knew the house contained contraband, may have been inconsistent with due process."); *United States v. Dozal*, 173 F.3d 787, 794 (10th Cir. 1999) ("[A]sking a jury to draw adverse inferences" from a suspect's refusal to consent to a search "may be impermissible if the testimony is not admitted as a fair response to a claim by the defendant or for some other proper purpose."); *United States v. Thame*, 846 F.2d 200, 207 (3rd Cir. 1988) ("Thus, in our view, it was error for the prosecutor to argue that Tham's reliance on his fourth amendment rights constituted evidence of his guilt.").

      The *Prescott* court's conclusion was based in part on its analogy to the Fifth Amendment right to silence. *Prescott*, 581 F.2d at 1352. The United States Supreme Courts has held that a defendant's exercise of his Fifth Amendment right to silence may not be introduced against them at trial as substantive evidence of guilt. *Griffin v. California*, 380 U.S. 609, 614 (1965). To hold otherwise would allow courts to penalize individuals for lawfully exercising a constitutional privilege. *Id.* The same can be said of the constitutional right to privacy. If evidence of refusal to consent to a search was admissible, a prosecutor could argue that if the defendant was not trying to hide something, he would let the agent conduct the search. The jury should not be allowed to infer guilt in circumstances involving the exercise of a constitutional right.

### III. CONCLUSION

For all the foregoing reasons, the Government should be precluded from telling the jury that Mr. Bowen refused to consent to a search of his cell phone and thus a warrant was obtained.

Respectfully submitted this 18th day of February, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY: /s/ Sean Chapman
Sean Chapman

### CERTIFICATE OF SERVICE

The undersigned certifies that on February 18, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara