**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) CR 18-01013-001-TUC-CKJ(BPV) |
|---|---|
| Plaintiff, | ) |
| v. | ) **MOTION IN LIMINE** |
|  | ) **TO PRECLUDE WITNESSES FROM** |
| Matthew Bowen, | ) **OPINING ON ULTIMATE** |
|  | ) **LEGAL ISSUE** |
| Defendant. | ) |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., pursuant to Rules 104, 401 et. seq. and 704 of the Federal Rules of Evidence, hereby moves to preclude the Government from eliciting witness testimony on the ultimate legal issue of whether Mr. Bowen used "unreasonable" force as it relates to Count 1 of the Indictment. This motion is supported by law, as set forth in the accompanying Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      FACTS RELEVANT TO THIS MOTION**

Mr. Bowen is charged in Count I of the indictment with violating 18 U.S.C. § 242, which prohibits anyone acting under color of law to willfully deprive someone of a right secured by the Constitution. The right at issue here is the right to be free from unreasonable seizures found in the Fourth Amendment. Thus, in order to prove Mr. Bowen guilty, the jury must determine whether Mr. Bowen's conduct was unreasonable.  This motion requests a Court order precluding the government from eliciting testimony from agents or other witnesses that Bowen's actions seemed unreasonable, excessive, shocking or not in conformance with typical Border Patrol training or Use of Force Policy.  Additionally, the defense requests that the Court preclude the government from asking witnesses/agents whether they themselves had taken similar actions in the past.

**II.     LAW**

In order to find that any defendant violated § 242, the jury must find the government proved beyond a reasonable doubt that he "acted voluntarily and intentionally and with specific intent to interfere with the victim's right to be free from unreasonable searches and seizures." *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993). In *Reese*, with respect to the term "unreasonable," the Court approved instructing the jury that "the requisite specific intent is the intent to use more force than is necessary under the circumstances." The Court explained the critical point is that a

2

mere intention to use force that the jury ultimately finds unreasonable, is insufficient for conviction under § 242. Rather, the jury must find that the defendant "intended not only the force, but its unreasonableness, its character as 'more than necessary under the circumstances." *Id; see also Reese v. County of Sacramento,* 888 F.3d 1030, 1045 (9th Cir. 2018) (reaffirming correctness of this legal principle).

The "unreasonable" inquiry is part and parcel of the *mens rea* determination that is the exclusive province of the jury, and inappropriate for comment by expert witnesses. Fed. R. Evidence 704(b) "'limits [an] expert's testimony by prohibiting him from testifying as to whether the defendant had the mental state or condition that constitutes an element of the crime charged.'" *United States v. Finley*, 301 F.3d 1000, 1015 (9th Cir. 2002) (quoting *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997)). The "rationale for precluding ultimate opinion testimony applies ... 'to any ultimate mental state of the defendant that is relevant to the legal conclusion sought to be proven.'" *United States v. Campos*, 217 F.3d 707, 711 (9th Cir. 2000). Expert testimony that compels the jury to conclude the defendant did or did not possess the requisite mental state "encroaches on the jury's vital and exclusive function to make credibility determinations." *Finley*, 301 F.3d at 1014-15; *see also United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997) (en banc) ("A prohibited 'opinion or inference' under Rule 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite *mens rea*.").

As applied to the legal conclusions to be made here, no expert or other witness should be permitted to state that Mr. Bowen's conduct was "unreasonable" or "excessive" or "more than necessary" or use any similar descriptors. Nor may any witness opine that Mr. Bowen's actions fell outside the bounds of the Border Patrol's Use of Force Policy. Testimony of this nature is improper because it is tantamount to compelling the conclusion that his actions were unreasonable. *Id.*

Moreover, the jury will be called upon to determine whether Mr. Bowen intended to use more force than necessary "under the circumstances," which is a subjective standard. The *Reese* Court underscored this point by expressly juxtaposing the definition of "unreasonable force" in the context of § 242, as compared to the standard in a § 1983 (civil) case, which requires objective unreasonableness. *Reese*, 888 F.2d at 1045. The question of whether Mr. Bowen intended to use more force than was necessary to effectuate the arrest of A.L.-A., is not made more or less likely based on the opinions of other agents – lay or expert. For that reason, no witness may attest to his or her opinion that Mr. Bowen's conduct was "unreasonable," "excessive," "greater than necessary," or the like. Fed. R. Evid. 401 et. seq.

### III.   CONCLUSION

For all the foregoing reasons, the Government should be precluded from eliciting any testimony that would compel the jury to conclude that Mr. Bowen's conduct was

4

unreasonable, which is an ultimate legal conclusion that is exclusively within the province of the jury to find.

        Respectfully submitted this 18th day of February, 2019.

                LAW OFFICE OF SEAN CHAPMAN, P.C.

        BY:   /s/  Sean Chapman
                      Sean Chapman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**CERTIFICATE OF SERVICE**

The undersigned certifies that on February 18, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara