**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-01013-001-TUC-CKJ(BPV) |
| Plaintiff, | |
| v. | **RESPONSE IN OPPOSITION TO 404(B) NOTICE** |
| Matthew Bowen, | |
| Defendant. | |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., hereby responds in opposition to the Government's Notice of Intent to Introduce Other Acts Pursuant to Rule of Evidence 404(b). (Doc. 21.) This response is based on the accompanying Memorandum of Points and Authorities.

Respectfully submitted this 18th day of February, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:  /s/ Sean Chapman
        Sean Chapman

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     FACTS

Matthew Bowen is charged with violating the civil rights of an undocumented alien, by using excessive force to effectuate his arrest, and then lying about it in a report. (Doc. 1.) More specifically, the Government accuses Mr. Bowen of striking an alien with his vehicle, and then falsely reporting that he was unsure if his vehicle made contact, and further claiming that he never intended to hit or scare the alien. *Id.*

The Government has indicated its intent to introduce evidence of five separate past occurrences in which Mr. Bowen allegedly injured an alien in his custody. The investigative reports disclosed by the Government are all heavily redacted, including statements reportedly made by Mr. Bowen. They further demonstrate the following:

(1) January 12, 2012 Incident: The complainant and his parents contacted DHS after Bowen effected a traffic stop on a vehicle driven by the complainant. The complainant acknowledged that he refused to get out of his vehicle, argued with Bowen and gave him "attitude" before Bowen forced him out of the car and onto the ground. The report status is listed as "Closing Report" and does not indicate that any action was taken by DHS as a result of the allegation contained therein. (Bates 420.)

(2) March 16, 2015 Incident: The report describes Bowen's apprehension of an individual among a group that scattered in the desert. Bowen tackled the individual from behind, causing a "busted lip" when he hit the ground.

2

Another agent disagreed that it was necessary to arrest the individual in that manner. Mr. Bowen received an "oral admonishment" from his supervisor regarding this event, and the April 5, 2015 incident discussed next.

(3) <u>April 5, 2015 Incident</u>: An alien reported that following his apprehension he fell several times on the way to the Border Patrol vehicle due to the steep terrain, and each time Bowen pulled him up by the handcuffs, causing abrasions on his wrist.

(4) <u>September 19, 2015 Incident</u>: Numerous interviews failed to corroborate the allegation of excessive force in the arrest of a juvenile; therefore, the allegation was determined "Not Sustained." (Bates 442.)

(5) <u>October 2, 2015 Incident</u>: DHS conducted multiple witness interviews and an interview of Bowen after an alien complained that Bowen drove an ATV in an intentionally erratic manner while the alien was handcuffed. The allegations were determined "Not Sustained" and no further action was taken. (Bates 433.)

## II. LAW

*A. The Notice is Deficient*

The Government's notice is deficient in two respects. First, it fails to identify the proper purpose for which the Government seeks admission of the other acts: motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Fed. R. Evid. 404(b)(2). Second, the notice fails to articulate the material issue in the case

that the other acts purportedly prove. See *United States v. Hodges*, 770 F.2d 1475, 1479 (9th Cir. 1985) ("[W]e have emphasized consistently that evidence of extrinsic acts may not be introduced unless the government establishes its relevance to an actual issue in the case."). It has long been established that the Government "has the burden of proving that the evidence meets all of the…requirements" for admission under Rule 404(b). *United States v. Arambula–Ruiz*, 987 F.2d 599, 602 (9th Cir.1993). The evidence must be precluded on procedural grounds unless the Government comes forward with additional informationthat satisfies the criterion above. Further, the defense reserves the right to supplement this Response if the Government further clarifies its theory of admissibility.

    B.  The Other Acts are Too Dissimilar to Prove Intent

Title 18 U.S.C. § 242 includes willfulness as an element of the offense. *United States v. Lanier*, 520 U.S. 259, 264 (1997). The Ninth Circuit has explained that in this context,[1] "willfulness" means that the defendant "voluntarily and intentionally and with a specific intent to do something the law forbids, that is, with intent to violate a specific protected right." *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993).

The Government correctly cites the four-part test for admitting 404(b) evidence that was first established in *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991).

---

[1] There is no model instruction defining willfulness because of the recognition that the term has different meanings in different contexts. Ninth Cir. Model Crim. Jury Instr. 5.5.

If admitted to prove intent, the other acts must be similar to the offense charged. *Id.* The other acts at issue here are too dissimilar to satisfy this test.

As stated above, four of the five other acts summarized in the Government's notice allege unnecessary roughness by Mr. Bowen, and the only instance that involves a vehicle is very different from what is alleged in the indictment. None of the other acts demonstrate that, in different circumstances, Mr. Bowen intended to use his vehicle to harm an alleged victim. Even if the Government could meet the burden of persuasion for admitting the acts, the Supreme Court has cautioned against reading the sufficiency of evidence of requirement under Rule 404(b) as carte blanche for the Government to introduce "a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Further, the Ninth Circuit pointed to cases from the civil rights context to find additional support for the general notion that inconclusive allegations of prior similar behavior is not useful to the jury, explaining:

> In the civil rights context, courts are reluctant to admit evidence of prior excessive force complaints against a police officer if the complaints are unsubstantiated. For example, in *Sibrian v. City of Los Angeles*, 288 Fed.Appx. 385, (9th Cir.2008), an unpublished disposition, the panel upheld the district court's decision to exclude evidence of prior complaints involving the defendant police officer stating that the officer was exonerated on three of the prior incidents and that the evidence was inconclusive on the fourth incident. See also *Hopkins v. Andaya*, 29 F.3d 632, 1994 WL 396202, at *2 (9th Cir.1994) (unfounded citizen complaints were not relevant in Section 1983 action). Other circuits have reached the same conclusion. See *United States v. Taylor*, 417 F.3d 1176, 1179 (11th Cir.2005) (district court did not abuse discretion in denying plaintiff's request to offer

>unfounded citizen complaints to prove police officer's bias and motive). Even where the defendant police officer had not been exonerated on a civilian complaint, the Second Circuit stated that "the relevance of a single unsubstantiated charge is obviously limited." *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir.1991).[2]

*United States v. Bailey*, 696 F.3d 794, 800 n. 6 (9th Cir. 2012). It is important to note that the principal is applied to plaintiffs (victims) as well as defendants. See *Davis v. Mason County*, 927 F.2d 1473, 1484 (9th Cir. 1991) (in § 1983 excessive force case, evidence offered by defendant, in order to show plaintiff's proclivity for violence, that plaintiff was involved in drunken altercation five days before the incident in question, was inadmissible under Rule 404(b)); *Lewis v. Velez*, 149 F.R.D. 474, 479 (S.D.N.Y. 1993) (finding that the disciplinary record of a § 1983 plaintiff should be excluded if offered to show that the plaintiff is "a violent person and that he, therefore, must have been the aggressor and precipitated the assault.") (citation omitted)).

In sum, the Government has not demonstrated how any prior act of Mr. Bowen, even if it can be proved, is relevant to proving his willfulness on the occasion alleged in the indictment. *Arambula–Ruiz*, 987 F.2d at 602.

### C. The Other Acts are Inadmissible Propensity Evidence

*Ayers* also set out an important exception for evidence that tends to prove a defendant's "criminal disposition." 924 F.2d at 1473; see also *United States v. Meling*,

---

[2] In *Reese*, the Court affirmed the applicability of caselaw interpreting 42 U.S.C. § 1983 to criminal civil rights prosecutions, because "[t]he protections of the Constitution do not change according to the procedural context in which they are enforced." 2 F.3d at 884.

6

47 F.3d 1546, 1557 (9th Cir. 1995) ("[E]vidence is admissible under Rule 404(b) if it is relevant to an issue in the case other than [the] defendant's criminal propensity"). In other words, as expressly set forth in the rule, "evidence of prior crimes, wrongs, or other acts is not admissible to prove the defendant's character in order to show that the defendant acted in conformity with that character on the particular occasion at issue." Fed. R. Evid. 404(b)(1).

Evidence of prior complaints against Mr. Bowen will undoubtedly cause the jury to conclude that he acted in conformity with these past actions, and thus is inadmissible in this criminal case. The analysis might be different in a civil case in which the injured party sues the law enforcement agency and must demonstrate their failure to remedy known misconduct in order to establish municipal liability. See *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1028 (9th Cir. 2015). By contrast here, there is no legitimate basis for admitting this evidence, which is clearly meant to show that Mr. Bowen has a history of abusing aliens in his custody by imposing excessive force upon them, and that he did so on this occasion as well. In other words, the evidence is of Mr. Bowen's propensity for aggressiveness, a purpose expressly prohibited under Rule 404(b). The only way the other acts could be probative is if Mr. Bowen acted in conformity with his prior behavior. This is precisely the type of evidence Rule 404(b) seeks to exclude. See *Huddleston*, 485 U.S. at 686 ("The threshold inquiry a court must make ... is whether that evidence is probative of a material issue other than character.").

*D. The Other Acts Are Inadmissible Under Rule 403*

Even if other act evidence is deemed admissible for a legitimate purpose, it is still subject to exclusion pursuant to Evidence Rule 403. *United States v. Curtin*, 489 F.3d 935, 944 (9th Cir. 2007) (en banc). Under Rule 403, otherwise relevant and admissible evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403; See also *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012) ("Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.") (citation omitted).

The other act evidence at issue here is only marginally probative, if at all, whereas the danger of unfair prejudice and confusion of the issues is demonstrably high. In a similar fact scenario, the Ninth Circuit recently affirmed the district court's exclusion of prior allegations of assault on inmates by a prison guard who allegedly violated the civil rights of the plaintiff due to excessive force. *Jackson v. Mendez*, 735 Fed.Appx. 316, 318 (9th Cir. 2018) (unpublished)[3]. The Court held, "the district court could reasonably conclude that the probative value of the excluded testimony was

---

[3] Ninth Circuit Rule 36-3(b) allows for citation of unpublished decisions and orders "(b) Citation of Unpublished Dispositions and Orders Issued on or after January 1, 2007. Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1."

8

substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury under Rule 403 given the danger that disputes over the inmate witnesses' credibility and recollection would detract from the main issue." *Id.*, citing *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 690 (9th Cir. 2001); see also *Jones v. DeVaney*, 107 Fed.Appx. 709, 710 (9th Cir. 2004) (unpublished) (district court properly excluded prior instances of prison guard's infractions because the circumstances and type of force was unlike the present allegations).  The other acts evidence at issue here is no different and should befall the same result; that is, exclusion from the jury's consideration.

### III.  CONCLUSION

For all the foregoing reasons, the Government should be precluded from introducing any evidence of the prior acts noticed in Doc. 21.

Respectfully submitted this 18th day of February, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:   /s/  Sean Chapman
              Sean Chapman

# CERTIFICATE OF SERVICE

The undersigned certifies that on February 18, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara