**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) | CR 18-01013-001-TUC-CKJ(BPV) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **MOTION IN LIMINE TO PRECLUDE TEXT MESSAGES PURSUANT TO EVIDENCE RULES 401 et. seq.** |
| Matthew Bowen, | ) | |
| Defendant. | ) | |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., pursuant to Fed. R. Evid. 104 and 401 et. seq., hereby moves to preclude the Government from introducing at trial text messages that are irrelevant or highly prejudicial. This motion is supported by law, as set forth in the accompanying Memorandum of Points and Authorities.

Respectfully submitted this 4th day of April, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:  /s/  Sean Chapman
        Sean Chapman

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS RELEVANT TO THIS MOTION

The indictment alleges that on December 3, 2017, Mr. Bowen violated the civil rights of an alien, A.L.-A., while effectuating his arrest in the course and scope of his employment with the U.S. Border Patrol. The indictment further alleges that on December 12, 2017, Mr. Bowen falsified a report of the event. (Doc. 1.)

In the course of their investigation, the Government obtained a search warrant for Mr. Bowen's personal cellular telephone. The constitutionality of that warrant is the subject of a motion to suppress pending before the Court. (Docs. 29, 41, 43.) In the event the motion is denied, however, the vast majority of seized text messages should be precluded from trial on grounds of relevancy.[1]

## II. LAW

Evidence is relevant, and therefore admissible, if: 1) it has any tendency to make a fact more or less probable than it would be without the evidence; and 2) the fact is of consequence in determining the action. Fed. R. Evid. 401, 402. The questions for the jury to resolve in this case, are whether Mr. Bowen used more force than was necessary under the circumstances, with the intent to deprive the alleged victim of a constitutional right, and whether he knowingly falsified a document in order to impede a Government investigation. 18 U.S.C. § 242; 18 U.S.C. § 1519. Even if evidence has some probative

---

[1] The defendant reserves the right to challenge the admissibility of text messages not otherwise covered by this Motion, should the Government identify others it wishes to introduce at trial.

value, it nonetheless should be excluded if that value is "substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Government extracted over 1300 text messages spanning more than four-months' time from Mr. Bowen's phone. Included among them are extensive conversations about things that have nothing to do with this case. For example, there are numerous references to Mr. Bowen's family and the families of other agents, about their wives, children, and finances. Some messages included their home addresses and one provides an entry gate code to the agent's neighborhood. None of these types of messages should be admitted at trial because they are not relevant. Fed. R. Evid. 401.

There are also extensive conversations reflecting steps that Mr. Bowen took to start a new career, such as attending real estate school, his interest in flipping houses and his consideration of purchasing a restaurant franchise. This subject matter is also irrelevant to the issues before the Court. Fed. R. Evid. 401.

Further, beginning in early December, 2017, and continuing through the end of March, 2018, there are approximately 1000 text messages pertaining to a trucking business that Mr. Bowen in fact started with two other agents. Their communications include specific personal information (such as social security numbers), financial information (such as tax EIN number and banking login information), loan information, and links to various websites. These messages are too numerous to list individually, but all should be precluded from trial. Neither Mr. Bowen's efforts to supplement his

Border Patrol income, nor his personal financial stake in a business, will assist the jury in determining whether he violated the civil rights of the alleged victim, or falsified a report.

There are also numerous text communications between Mr. Bowen and Border Patrol Agent Lonnie Swartz during the time period that Swartz's prosecution for murder was pending in this District. Agent Swartz was represented by undersigned counsel, who is mentioned several times in the messages. The communications reflect the agents' thoughts on Agent Swartz's case, including references to specific evidence. None of this is related to Mr. Bowen's case; indeed, these communications occurred prior to the conduct at issue. None of their text messages should be admitted at trial because none are relevant. Fed. R. Evid. 401.

Attached to this motion as Exhibit 1 is a list of individual texts that should be precluded from trial. Text messages that refer to aliens in a pejorative manner, or that reflect Mr. Bowen's political beliefs, have no bearing on any element of the offenses the Government will seek to prove at trial. Even if they have some connection, their probative value is so limited that the prejudice caused by their admission makes them excludable under Rule 403. Similarly, the fact that Mr. Bowen was dissatisfied with his job is immaterial to the issues before the jury. In sum, it would be improper for the jury to infer that Mr. Bowen's feelings about the Border Patrol, or his responsibilities as an agent, or his interaction with aliens, caused him to disregard constitutional rights. Text messages of these genres should be excluded under Rule 403 as well.

The final category of messages concerns Mr. Bowen's communications with union attorney Jim Calle or, to a much lesser degree, with undersigned counsel. Some of the messages contain Mr. Bowen's description of Mr. Calle's reaction to seeing the video of the event at issue. This is clearly irrelevant and also prejudicial. Other messages describe Mr. Calle's advice to Mr. Bowen.  Mr. Bowen is entitled to consult with counsel any time there is an administrative investigation, whether or not that investigation leads to criminal charges or other personnel action, by virtue of his membership in the Border Patrol Union. If these messages were admitted, the jury would assume that Mr. Bowen sought the advice of counsel because he did something wrong. A limiting instruction would not ameliorate this risk. All communications concerning Jim Calle or Sean Chapman must be excluded from trial.

Each of these subject maters are inadmissible because they are irrelevant, or because their relevance is so minimal as to be substantially outweighed by their prejudicial impact on Mr. Bowen. Fed. R. Evid. 401 et. seq.

### III.   CONCLUSION

For all the foregoing reasons, the Government should be precluded from introducing the text messages discussed herein.

Respectfully submitted this 26th day of April, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:  /s/  Sean Chapman
Sean Chapman

5

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 4, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara