**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) CR 18-01013-001-TUC-CKJ(BPV) |
|---|---|
| Plaintiff, | ) |
| v. | ) **OBJECTION TO REPORT &** |
|  | ) **RECOMMENDATION TO DENY** |
| Matthew Bowen, | ) **SUPPRESSION OF TEXT MESSAGES** |
| Defendant. | ) |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b)(2), hereby objects to that portion of the Report and Recommendation (Doc. 57) denying his motion to suppress all text messages sent or received on any date after December 3, 2017. This Objection is based on the Memorandum of Points and Authorities provided below.

Respectfully submitted this 30th day of April, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:  /s/  Sean Chapman
       Sean Chapman

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Bowen concurs with the Report's recommendation that text messages prior to December 3, 2017, be suppressed. He objects to the recommendation that text messages after that date were properly seized under the search warrant and are therefore admissible. This matter was fully briefed by the parties, and a hearing was held at which evidence was presented and arguments were heard. (Doc. 29, 41, 43, 54.) As a result, the facts will not be recounted here.

I. Standard of Review

The Report and Recommendation ("R & R") to Grant in Part and Deny in Part Mr. Bowen's Motion to Suppress Text Messages was issued on April 16, 2019. This timely objection is reviewed under a *de novo* standard of review. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59. Pursuant to Fed. R. Crim. P. 59 (b)(3), "[t]he district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."

II. Objection

The factual basis for the R & R was taken directly from the search warrant affidavit. (Doc. 57 at p. 1.) Therefore, the correctness of the recommendation turns on the legal analysis of the question presented, which is whether the seizure of text messages months after the date for which probable cause was established, violated the particularity portion of the warrant clause contained in the Fourth Amendment, which provides: "No warrant shall issue, but upon probable cause, supported by Oath or

affirmation, *and particularly describing the place to be searched, and the persons or things to be seized*." U.S. Const. Amend. IV (emphasis added).

The Magistrate Judge correctly found that the search warrant affidavit "limited the search range" to "items which pertain in any way to an alleged civil rights violation that occurred on December 3, 2017." (Doc. 57 at pp. 8-9.) His determination that the affidavit authorized agents to seize text messages after that date was based entirely on his erroneous conclusion that "it was a fair probability that the defendant would have communicated by text message with others about the incident." (Doc. 57 at p. 9.) The Magistrate Judge reached this conclusion by relying on Mr. Bowen's apparent frustration with the attention the incident received from others at the station, and then extrapolating that because Mr. Bowen communicated by text message with Agent Jaseph, he likely texted other agents too. These facts, however, are unsupportable.

First, the characterization of Mr. Bowen as frustrated relied on an inference made by the affiant, which was itself based on a subjective interpretation of a single text message sent by Mr. Bowen to Agent Jaseph. The affiant stated:

> To BPA Jaseph, the *"tone"* of BPA Bowen's text message was *"angry,"* an observation that Your Affiant understood to mean that BPA Bowen felt frustrated or bothered by the attention that the incident was getting from others at the station.

Search Warrant Affidavit, ¶ 17 (emphasis in original). To attribute actual frustration to Mr. Bowen required giving credit to a doubly subjective interpretation of a single text message. An exhaustive search yielding over 1300 text messages should not have been

3

authorized on this weak nexus. Second, the only text message evidence described in the affidavit were those between Mr. Bowen and Agent Jaseph on one specific date. Nowhere does the affiant state a reason to believe that Mr. Bowen was texting with other agents about the incident. For these reasons, the Magistrate Judge's conclusion of a "fair probability" that Mr. Bowen texted with other agents is not supportable and must be rejected. Fed.R.Crim.P. 59(b)(3).

In addition, the R & R's conclusion must be rejected because it failed to take the special care required when adjudicating Fourth Amendment claims in the context of electronic data, particularly with respect to cell phones. See *Riley v. California*, 573 U.S. 373, 396, 401, (2014) (imposing, for the first time, a warrant requirement for the search of cell phones and putting the scope of wholesale cell phone searches in perspective by explaining that "it would typically expose to the government far *more* than the most exhaustive search of a house.") (emphasis in original). In *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1177 (9th Cir. 2010) (en banc) (reversed on other grounds), the Court called upon judicial officers to exercise "greater vigilance" in striking the right balance between the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures. "The process of segregating electronic data that is seizable from that which is not must not become a vehicle for the government to gain access to data which it has no probable cause to collect." *Id.* at 1177; *see also United States v. Schesso*, 730 F.3d

1040, 1046 (9th Cir. 2013) (placing the onus on district courts to determine the proper balance).

The warrant for Mr. Bowen's cell phone appropriately limited agents to search for only text messages that were "reasonably likely" to constitute evidence of a violation of § 242. Because the factual basis contained within the warrant's underlying affidavit refers specifically to Mr. Bowen's text message exchanges with Agent Jaseph on December 3, 2017, probable cause was established as to that date and that date only. The proper balancing required by the Supreme Court and the Ninth Circuit is achieved by suppressing text messages sent or received after that date.

III.   Conclusion

For all the foregoing reasons, this Court should reject the R & R's recommendation that text messages seized after December 3, 2017 not be suppressed, and enter an order granting the Defendant's motion in its entirety.

Respectfully submitted this 3030th day of April, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:   /s/ Sean Chapman
      Sean Chapman

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 30, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara