ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
LORI L. PRICE
State Bar No. 025698
MONICA E. RYAN
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: lori.price@usdoj.gov
        monica.ryan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-1013-CKJ-DTF |
| Plaintiff, | **GOVERNMENT'S OBJECTION TO THE REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO SUPPRESS TEXT MESSAGES (Doc. 57)** |
| vs. | |
| Matthew Bowen, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, files this objection to the magistrate judge's recommendation that the defendant's motion to suppress be partially granted. (Doc. 57). Attachment B of the search warrant authorized law enforcement to seize text messages that "pertain[ed] in any way" to the civil rights crime described in the affidavit without any restriction as to date. Despite this authorization, the magistrate judge found that text messages sent prior to the crime exceeded the scope of the warrant. The magistrate judge described the crime as "spontaneous" and concluded only text messages sent after the crime could "pertain in any way" to it. This conclusion discounts that text messages relevant to the defendant's intent could have, and in fact were, sent prior to the crime occurring. The text messages relevant

1  to the defendant's intent do "pertain in any way" to the crime and thus, were appropriately
2  seized within the scope of the warrant.

3  The authorizing magistrate judge found probable cause that the defendant had
4  committed the civil rights crime described in the search warrant affidavit. The defendant is
5  now pending trial for that crime. For a trier of fact to find the defendant guilty, the
6  government must prove beyond a reasonable doubt that the defendant acted willfully – that
7  he acted voluntarily and intentionally and with a specific intent to do something the law
8  forbids, that is, with the intent to violate a specific protected right. 18 U.S.C. § 242; *see*
9  *Screws v. United States*, 325 U.S. 91, 101-107 (1945); *see also United States v. Reese*, 2
10 F.3d 870, 885 (9th Cir. 1993). This high standard essentially requires the government to
11 show the trier of fact what the defendant was thinking when he committed the act.

12 In this case, the defendant, while working as a Border Patrol agent, hit an alien with
13 his F-150 government-issued truck. The critical question at trial will be the defendant's
14 intent. Text messages seized from the defendant's phone, including messages from before
15 his crime, show his intent. The defendant voiced significant dissatisfaction with restrictions
16 Border Patrol placed on its agents in how they could apprehend aliens and do their jobs.
17 He also voiced great disdain for the aliens. Text messages in which the defendant provides
18 insight into what he thinks he should be allowed to do to arrest aliens and how he believes
19 Border Patrol unfairly limits its agents are relevant to whether he willfully used an F-150
20 in this crime to effect an arrest of the alien. Likewise, the defendant's disdain for the
21 "subhuman" aliens he encounters at work is relevant to whether he willfully chose to use a
22 deadly weapon, his F-150, to stop an alien committing a misdemeanor from fleeing.

23 The defendant's intent, and any evidence relevant to it, is the crux of this case. There
24 are a number of text messages relevant to the defendant's intent that were seized pursuant
25 to the search warrant. The three text messages identified below are the only ones the
26 government may seek to use at trial that were sent prior to the commission of the crime on

December 3, 2017.[1] On November 20, 2017, the defendant sent a fellow agent this message, providing insight into his view of the aliens he apprehends:

> mindless murdering savages. PLEASE let us take the gloves off trump! and we all just responded to code to 2 agents trying to catch 5 tonks at the fence in mariposa, tonks starting rocking caused one agent to fall and sustain a gash to his arm. Disgusting subhuman shit unworthy of being kindling for a fire.

(Government Disclosure Bates (Bates) 402). The following day on November 21, 2017, the defendant sent the same agent another message voicing his dissatisfaction with Border Patrol's policies on apprehending aliens:

> Ive really come to realize the whole government is a fucking failed system, this is a failed agency its sad bc BP does really important work but we are treated like shit, prosecuted for doing what it takes to arrest these savages and not given appropriate resources to fully do our job. I am planning to quit BP within 2 yrs if all goes well. The wife has made almost 300k in real estate. Im getting my realtor license to help her free up some time and I put in for intel desk so I can be doing real estate stuff at work. Im tired of risking my life, beating up my body just to get shit on and let down.

(*Id.*). Continuing that conversation on the same day, the defendant states:

> I feel like I would def miss certain aspects of it. The chase of hunting down shitbags with your crew, defeating somebody who thought they were faster than you. Im to the point where there is more negative than positive and if I can make a lot more money in a different career field then I feel like I owe it to my family to try and do that.

(Bates 403). These text messages provide a view into the defendant's state of mind just a couple weeks prior to the crime that occurred on December 3, 2017. The messages were appropriately seized pursuant to the search warrant that allowed the agents to seize

---

[1] The magistrate judge recommended suppressing only the text messages sent prior to the crime occurring. There were a total of 30 messages sent prior to the crime that were seized. Of those 30, the government may seek to introduce the three messages identified in this objection.

messages that "pertain in any way" (i.e., they are relevant) to the defendant's intent in this case.

In finding that the text messages sent prior to the civil rights crime did not "pertain in any way" to the crime, the magistrate judge mistakenly made a determination of the relevance balanced against the undue prejudice of these messages. The magistrate judge found these messages were "propensity" evidence and not relevant. The balancing test of whether these messages are admissible are trial is the issue of a pending motion and a decision to be made by the trial court. The messages pertain to the crime and as such, they were appropriately seized within the scope of the warrant.

For all the reasons stated above, the defendant's motion to suppress the text messages should be denied in full.

Respectfully submitted this 30th day of April, 2019.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/ Lori L. Price*
*s/Monica E. Ryan*

LORI L. PRICE
MONICA E. RYAN
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 30th day of April, 2019, to:

Sean Chapman, Esq. – Attorney for the Defendant