**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-01013-001-TUC-CKJ(BPV) |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE TEXT MESSAGES** |
| Matthew Bowen, | [Docs. 53, 64] |
| Defendant. | |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., hereby replies in support of his motion in limine. That motion seeks to preclude the government from introducing evidence of text messages in these categories: 1) those that may be perceived a racist of offensive; 2) those that reflect political opinion; 3) those that reflect Mr. Bowen's dissatisfaction with his employment as a Border Patrol agent; and 4) those that pertain to Mr. Bowen's conversations with his attorney. Because none of these messages meet the relevancy standards of Fed. R. Evid. 401 et. seq., the motion should be granted.

Before responding to the Government's specific legal arguments, it is important to point out that the Government indicates it is "not intending to offer into evidence all

1

text messages produced to the defendant in discovery" or to "offer irrelevant information as evidence in its case-in chief." (Doc. 64 at p. 5.) Accordingly, there appears to be agreement as to the inadmissibility of information concerning Mr. Bowen's "trucking business or other family matters unrelated to his employment as a Border Patrol agent." (Id.) This is helpful, indeed, but given the large number of text messages in the Government's possession, it is not at all clear which ones the Government is excluding. What is needed in order to resolve the issue in an expeditious manner, is for the Government to identify each text message that it *does* intend to introduce at trial. It is therefore respectfully requested that the Court enter an Order directing the Government to provide a list of the text messages it wishes to introduce into evidence. Once identified, the parties will be in a better position to argue their respective positions on the admissibility of each text message.

The Government asks this Court for permission to introduce evidence of Mr. Bowen's alleged "great disdain" for aliens, on the theory that his use of pejorative or derogatory terms is relevant to demonstrating his intent to violate the victim's civil rights. (Id. at p. 9.) This argument lacks merit because the Government is mistaken in its assertion that it must prove Mr. Bowen willfully chose to use his truck to seize the alleged victim. (Id.) A violation of 18 U.S.C. § 242 does not turn on an agent's selection of method by which to seize an individual, but, rather, the question of intent turns on whether Mr. Bowen willfully violated the constitution by using more force than

2

reasonably necessary under the circumstances. *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993). There, in the context of § 242, the Court approved an instruction that defined "willfully" as an act that is "done voluntarily and intentionally and with a specific intent to do something the law forbids, that is, with the intent to violate a specific right." *Id.* at 885. The Government's motion agrees that these are the elements of the offense. (Doc. 64 at pp. 6-7.) How Mr. Bowen referred to aliens in specific text does not aid the jury in determining whether he, on this occasion, set out to use excessive force to apprehend the alleged victim. Text messages using such language is not admissible because Mr. Bowen's alleged "disdain" for aliens is not relevant to the issues before the jury.[1] Fed. R. Evid. 401, 402.

If there are messages that demonstrate Mr. Bowen's intent "to do something the law forbids," but also uses offensive language, those words should be redacted prior to going to the jury. The Government points to the message to Agent Swartz on December 4, 2017.[2] (Doc. 64 at p. 10.) That text reads:

---

[1] In addition, if these texts are admitted, Mr. Bowen would seek to establish that the use of these terms is commonplace throughout the Border Patrol's Tucson Sector, that it is part of the agency's culture, and therefore says nothing about Mr. Bowen's mindset. *See Crane v. Kentucky*, 476 U.S. 683, 690 91986) (due process guarantees a defendant "a meaningful opportunity to present a complete defense."). Such a side-show would be time-consuming and confusing to the jury.

[2] Some texts between Mr. Bowen and Agent Swartz are subject to the Recommendation granting in part Mr. Bowen's Motion to Suppress because they occurred prior to December 3, 2017. (Doc. 57.)

> I used an f150 to do a human pit maneuver on a guat running
> from an agent. it was in front of cameras and everybody
> thought i ran him over so they made it into an SIR even though
> the tonk was totally fine. just a little push with a ford bumper

(Doc. 64 at p. 10, citing Doc. 53-1, p.2.) The entire message is inadmissible because it does not make it more likely or not that Mr. Bowen intended to violate the constitutional rights of the alleged victim. However, if this Court disagrees, then the words "guat" and "tonk" should be replaced with "alien" to eliminate the prejudice caused by the use of such terms.

With regard to messages referencing conversations with Mr. Bowen's union attorney, the Government's suggestion for a limiting instruction should be rejected. First, the Government does not explain why these messages are relevant and, in fact, they are not. (Id. at p. 10.) Second, admission of these text messages is unfairly prejudicial because they wrongly imply consciousness of guilt. One of the benefits of union membership is that legal counsel is provided at no cost whenever an agent is accused of wrongdoing, from a simple administrative personnel action to accusations of illegal conduct. Agents are required to contact the union attorney in order to access this benefit. Doing so does not, therefore, demonstrate consciousness of guilt and the admission of these texts would unfairly permit the Government to insinuate otherwise.

Similarly, these texts raise the improper implication that Mr. Bowen sought legal advice to help him fabricate a story. (Doc. 53, Ex. 1 at p. 6.) ("I sent it to Jim [Calle] also and he made a few suggestions that I'm going to add in before submitting it."). Mr.

4

Calle did nothing improper, but the jury will certainly read the text (and others along the similar lines) that way. It is legally irrelevant whether someone exercises their right to consult with counsel. The Government should not be permitted to introduce this evidence, which wrongly implies Mr. Bowen's wrongdoing or consciousness of guilt. Because there is no proper purpose for these text messages to be admitted, the use of a limiting instruction is moot.

*Conclusion:*

Each of the subject matters identified in the motion and above are inadmissible because they are irrelevant, or because their relevance is so minimal as to be substantially outweighed by their prejudicial impact on Mr. Bowen. Fed. R. Evid. 401 et. seq. To the extent this Court disagrees, the Court should order the Government to provide a list of the text messages it wishes to introduce into evidence, and then give the parties an opportunity to brief and/or argue their respective positions as to the admissibility of the individual messages.

Respectfully submitted this 10th day of May, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:   /s/  Sean Chapman
          Sean Chapman

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 10, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara