MICHAEL BAILEY
United States Attorney
District of Arizona
LORI L. PRICE
State Bar No. 025698
MONICA E. RYAN
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: lori.price@usdoj.gov
       monica.ryan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-1013-CKJ-DTF |
| Plaintiff, | **THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S OBJECTION TO THE REPORT AND RECOMMENDATION ON THE DEFENDANT'S MOTION TO SUPPRESS TEXT MESSAGES (Doc. 62)** |
| vs. | |
| Matthew Bowen, | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, files this response to the defendant's objection to the magistrate judge's recommendation that the defendant's motion to suppress be partially denied. (Doc. 62). The magistrate judge correctly concluded that the seized text messages sent after the date of the crime "pertain[ed] in any way" to the civil rights crime. As such, those text messages were appropriately seized under the search warrant authorized by the issuing magistrate judge.

As detailed in the affidavit supporting probable cause for the search warrant, the government learned through its investigation that the defendant was using his cellular phone to communicate about the crime and one agent with whom he communicated had deleted those communications, which were potential evidence in the investigation. Those

1  facts along with the facts about cellular phone technology, also summarized in the affidavit,
2  provided a fair probability that based on the totality of the circumstances, evidence of the
3  civil rights crime would be found on the defendant's phone. *Illinois v. Gates*, 462 U.S. 213,
4  238 (1983) (probable cause exists when there is a fair probability based on the totality of
5  the circumstances that contraband or evidence is located in a particular place.) Probable
6  cause does not require the affidavit to establish that the evidence is in fact in the place to
7  be searched, or even that it is more likely than not to be there. *United States v. Fernandez*,
8  388 F.3d 1199, 1254 (9th Cir. 2004), *modified* 425 F.3d 1248 (9th Cir. 2005). Rather, the
9  issuing judge "need only conclude that it would be reasonable to seek the evidence in the
10 place indicated in the affidavit." *Id*.

11 In his motion to suppress and subsequent objection to the report and
12 recommendation, the defendant seeks to impose a higher standard on the authorization of
13 the search warrant. The defendant attempts to limit the search warrant to the seizure of
14 evidence on a particular day, when no date limit was authorized. To make this argument,
15 the defendant implies more evidence in the affidavit was necessary to seize text messages
16 prior to or after the date of the crime. This is not correct. Probable cause is the standard.
17 And, that standard was more than satisfied. The affidavit summarized the facts that led the
18 government to believe evidence of the specific civil rights crime would be found on the
19 defendant's cellular phone. The issuing magistrate judge correctly found probable cause
20 and authorized the agents to seize the items identified in Attachment B of the warrant. That
21 decision by the issuing magistrate judge is entitled to great deference. *United States v.*
22 *Reeves*, 210 F.3d 1041, 1046 (9th Cir. 2000).

23 Of note, if this Court were to find that Attachment B was overly broad, the good
24 faith exception would apply, and, thus, the text messages should not be suppressed. *See*
25 *United States v. Leon*, 468 U.S. 897, 922 (1984). The magistrate judge did not address this
26 issue in the report and recommendation since the court found that the warrant was not
27 overly broad in authorizing the seizure of text messages after the date of the crime.
28

As a final note, the defendant's citation to *Riley* and *CDT* for the proposition that searching cellular phones requires a balance of the government's interest in law enforcement and the right of individuals to be free from unreasonable searches and seizures is a proposition in every case in which the government searches a place in which a person has a privacy interest. *Riley* generally requires that the government obtain a search warrant prior to searching a cellular phone. *Riley v. California*, 573 U.S. 373, 386, 401 (2014) (invalidating a search of a defendant's phone incident to arrest). Obtaining a search warrant is exactly what the government did in this case. *United States v. Ventresca*, 380 U.S. 102, 106 (1965) (acknowledging the strong preference to be accorded searches under a warrant).

It was reasonable for the government to seek and the issuing magistrate judge to authorize a search of the defendant's phone for the text messages pertaining to the specific crime. For all the reasons stated above and in the government's prior briefing on this issue, the defendant's motion to suppress the text messages should be denied in full.

Respectfully submitted this 14th day of May, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Lori L. Price*
*s/Monica E. Ryan*

LORI L. PRICE
MONICA E. RYAN
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by other means this 14th day of May, 2019, to:

Sean Chapman, Esq. – Attorney for the Defendant