**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Bowen,<br><br>Defendant. | No. CR-18-01013-001-TUC-CKJ (DTF)<br><br>**ORDER** |

On April 16, 2019, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") (Doc. 57) in which he recommended that Defendant's Motion to Suppress Text Messages Obtained in Violation of the Fourth Amendment (Doc. 29) be denied in part and granted in part.

Defendant filed an objection to the R&R on April 30, 2019 (Doc. 62) and the government filed a response (Doc. 73). The government filed an objection to the R&R on April 30, 2019 (Doc. 63) and Defendant filed no response.

*1. Standard of Review*

The Court has reviewed the Motion to Suppress (Doc. 29), the Response (Doc. 41), the Reply (Doc. 43), the R&R (Doc. 57), the Objections (Docs. 62 and 63), and the government's Response (Doc. 73). The R&R summarizes that Defendant seeks suppression of certain text messages seized from his cellular telephone. Defendant argues that the underlying search warrant and/or its execution were overly broad. The magistrate judge recommends this Court deny, in part, and grant, in part, the Motion to Suppress.

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

2. *Factual and Procedural Background*

Although a full recitation of the facts has been provided in the R&R, the Court will provide a brief summary of the relevant facts. On December 3, 2017, Border Patrol Agent ("BPA") Matthew Bowen ("BPA Bowen" or "Defendant") apprehended a suspected undocumented alien ("UDA") by striking him with the front of his BPA vehicle (the "Incident"). On December 6, 2017, another BPA involved in the Incident, Matthew Jaseph ("BPA Jaseph"), was interviewed by Special Agent Miers, a criminal investigator with the Department of Homeland Security. BPA Jaseph testified that after the Incident, he exchanged text messages with BPA Bowen regarding the Incident and that the "tone" of BPA Bowen's text messages was "angry." Special Agent Miers interpreted this to mean that BPA Bowen felt frustrated or bothered by the attention that the Incident was receiving from other employees.

A search warrant for BPA Bowen's cellular telephone was issued in March 2018. That search warrant sought "a search of each device for the following items which pertain in any way to an alleged civil rights violation that occurred on December 3, 2017." (Doc. 41-1, pg. 19). Affixed to the search warrant is an affidavit drafted by Jerome M. Gage ("SA Gage"), a Special Agent of the United States Customs and Border Protection Office of Professional Responsibility, describing the Incident and BPA Jaseph's exchange of text messages with BPA Bowen after the Incident occurred. That warrant lead to the discovery

of troubling text messages sent by the Defendant both before and after the Incident. The messages sent before the Incident indicate Defendant's possible racial animus towards undocumented aliens. *See e.g.*, (Doc. 63) (text message sent by Defendant referring to UDAs as "mindless murdering savages" and "[d]isgusting subhuman shit unworthy of being kindling for a fire.").

In February 2019, Defendant filed a Motion to Suppress Text Messages Obtained in Violation of the Fourth Amendment. (Doc. 29). In that Motion, Defendant sought to suppress text messages obtained from Defendant's phone on any date other than December 3, 2017 – the date of the Incident. After a hearing on March 14, 2019, the magistrate judge issued an R&R recommending that the Court grant Defendant's motion to suppress all text messages transmitted before December 3, 2017, but that the Court deny Defendant's request to suppress text messages transmitted on or after December 3, 2017.

3. *Defendant's Objection*

   a. *Broadness of Search Warrant*

Defendant argues the magistrate judge erred by concluding that the affidavit supporting the search warrant authorized agents to seize text messages sent after December 3, 2017 – the date the alleged civil rights violation occurred. Specifically, Defendant argues that the magistrate judge erroneously concluded that because Defendant exchanged text messages with BPA Jaseph and seemed "angry", that "it was a fair probability the defendant would have communicated by text message with others about the incident." (Doc. 57, pg. 9). The Court agrees with the magistrate judge's conclusion that based upon Defendant's exchange of text messages with BPA Jaseph on the day of the Incident and BPA Jaseph's interpretation of the text messages as "angry," there was a fair probability that the Defendant would have communicated by text messages with other about the Incident.

In addition to BPA Jaseph and the Defendant, BPA Khalil Garcia also responded to the scene and witnessed all or part of the Incident. It is not unreasonable to presume that since the Defendant exchanged text messages with BPA Jaseph and discussed the Incident

with him he also likely exchanged text messages with BPA Garcia discussing the Incident since BPA Garcia was also present. Furthermore, BPA Jaseph testified that his text messages with the Defendant on the day of the Incident consisted of the Defendant stating "that someone from the station had reported he (BPA Bowen) ran Lopez-Aguilar over, but that BPA Bowen described the vehicle strike in the text message as merely 'tapping' [UDA] with the Subject Kilo Unit just prior to his arrest." (Doc. 57, pg. 5). If the Defendant was aware that fellow BPAs or other employees at the station were discussing the Incident in a somewhat unfavorable light to him, it is reasonable to infer that the Defendant likely sent text messages to other BPAs or members of the station to discuss the Incident.

It is well established that "[p]robable cause for a search requires a fair probability that contraband or evidence of a crime will be found in a particular place, based on the totality of the circumstances." *United States v. Grant*, 682 F.3d 827, 832 (9th Cir. 2012) (internal quotations and citation omitted). In this case, BPA Jaseph's statement that the Defendant sent him text messages discussing the Incident and appeared "angry" that co-workers were discussing the Incident in a somewhat unfavorable light create a "fair probability" that the Defendant likely sent relevant text messages to other BPAs discussing the Incident.

      *b. Electronic Data*

Defendant's other objection to the R&R stems from the magistrate judge's recommendation allegedly failing "to take the special care required when adjudicating Fourth Amendment claims in the context of electronic data, particularly with respect to cell phones." (Doc. 62, pg. 4).

Defendant argues that:

> The warrant for Mr. Bowen's cell phone appropriately limited agents to search for only text messages that were "reasonably likely" to constitute evidence of a violation of § 242. Because the factual basis contained within the warrant's underlying affidavit refers specifically to Mr. Bowen's text message exchanges with Agent Jaseph on December 3, 2017, probable cause was established as to that date and that date only.

(Doc. 62, pg. 5).

- 4 -

Defendant appears to suggest that since BPA Jaseph testified that he only exchanged text messages with Defendant on December 3, 2017, that it is improbable to conclude that Defendant exchanged text messages with other individuals pertaining to the Incident after December 3, 2017. As discussed above, SA Gage's affidavit contained a sufficient factual basis to establish probable cause for text messages that were sent after December 3, 2017. The search warrant contained no time limit and there is no indication that the issuing magistrate judge committed any error. Furthermore, Defendant has advanced no legitimate argument that the magistrate judge failed to properly adjudicate the issue in light of the electronic data involved. For example, in support of his argument, Defendant cites *Riley v. California*, 573 U.S. 373 (2014). There, the Supreme Court instituted a warrant requirement for the search of cellular phones. The magistrate judge considered a search warrant for the search of Defendant's cellular phone and rightly concluded that it was proper. The holding in *Riley* in no way undermines the magistrate judge's R&R.

Ultimately, the basic purpose of the Fourth Amendment "is to safeguard the privacy and security of individuals against **arbitrary** invasions by governmental officials." *Camara v. Mun. Court of City & Cty. of San Francisco*, 387 U.S. 523, 528 (1967) (emphasis added). Here, the search warrant explicitly stated the search would be for "items which pertain in any way to an alleged civil rights violation that occurred on December 3, 2017" (Doc. 41, pg. 19), was properly supported by a highly detailed affidavit and the magistrate judge properly made a reasonable inference based upon the information provided to him. *See United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993) ("A magistrate may draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense") (internal quotations and citation omitted).

The Court does not find that the magistrate judge improperly adjudicated the Defendant's Fourth Amendment claims in the context of electronic data.

…

...

*4. Government's Objections*

The government argues that the magistrate judge erred by recommending that the Defendant's motion to suppress be partially granted and that text messages potentially relevant to the Defendant's intent sent prior to the Incident be suppressed. More specifically, the government argues that the search warrant broadly sought items that "pertain in any way" to the Incident and, therefore, text messages that evince the Defendant's intent "pertain" to the Incident and were appropriately seized within the scope of the warrant.

The relevant text messages, which are reproduced in the government's objection (Doc. 63, pg. 3), are abhorrent, reflecting at best, Defendant's distasteful thoughts, and at worst, Defendant's repugnant racism. The magistrate judge recommended that these messages, which were sent prior to the Incident, be suppressed because the Incident was a "spontaneous event" and "not preplanned." (Doc. 57, pg. 9). The magistrate judge further reasoned that text messages evincing the Defendant's general intent or racial animus would be "propensity evidence" and that the underlying warrant only permits evidence pertaining to the underlying civil rights violation. The Court agrees with the magistrate judge's conclusion.

Furthermore, the Court finds that the search warrant contains no temporal restrictions. SA Gage's affidavit provides enough detail to conclude that evidence pertaining to the Incident could be discovered from messages pre-dating the Incident and messages following the Incident. However, the messages that were recovered and are claimed by the government to be relevant to Defendant's intent are outside the search warrant's scope.

…

…

…

…

…

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 57) is **adopted**.
2. The Defendant's Motion to Suppress (Doc. 29) is **granted in part** and **denied in part**. The Defendant's request to suppress text messages sent on or after December 3, 2017 is denied. The Defendant's request to suppress text messages sent before December 3, 2017 is granted.

Dated this 12th day of June, 2019.

Honorable Cindy K. Jorgenson
United States District Judge