MICHAEL BAILEY
United States Attorney
District of Arizona
MONICA E. RYAN
LORI L. PRICE
State Bar No. 025698
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: monica.ryan@usdoj.gov
       lori.price@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 18-1013-TUC-CKJ (DTF) |
|---|---|
| Plaintiff, | |
| vs. | GOVEMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THE VICTIM'S IMMIGRATION HISTORY |
| Matthew Bowen, | |
| Defendant. | |

Plaintiff, United States of America, by and through its undersigned attorneys, hereby submits this motion in limine, pursuant to Federal Rules of Evidence 103(d), 401, 402, 403, 608 and 609, seeking an order from the Court to preclude the defendant from introducing evidence about the victim's immigration history.

**I.     Facts**

On December 3, 2017, defendant Matthew Bowen, while employed as a United States Border Patrol agent, intentionally hit the victim in the back with his government-issued Ford F-150 truck to stop the victim from fleeing and arrest him for the misdemeanor offense of unlawful entry into the United States. The defendant's decision to use deadly force against a person who was running away from him and posed no threat is the basis for Count 1 of the Indictment.

At the time of the assault, the defendant did not know the victim's identity or whether the victim had any prior immigration or other criminal history.  It was later revealed during arrest processing that the victim had one prior removal from the United States, on January 17, 2014, via Phoenix, Arizona.

The day after the assault and arrest, the victim was transported to United States District Court in Tucson, where he pled guilty to the petty misdemeanor offense of Illegal Entry, in violation of Title 8, United States Code, Section 1325(a).  He was sentenced on the same day to a term of 30 days imprisonment by United States Magistrate Judge Eric J. Markovich.  The victim has no other criminal history.

At trial, several witnesses will testify that it was unnecessary and unreasonable to use deadly force during this arrest.  Based on what agents knew at the time, a suspected undocumented alien was fleeing after committing a misdemeanor illegal entry.  These witnesses, agents who were at the scene and those watching the incident unfold live via surveillance cameras, will testify that they did not observe any threat from the victim or anyone else.  The victim is also expected to testify that he did not possess any weapons or engage in any threatening behavior during the incident.

## II.     Law and Analysis

Federal Rule of Evidence 401 states that "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed.R.Evid. 401.  Irrelevant evidence is not admissible, Fed.R.Evid. 402, and courts "must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."  Fed.R.Evid. 103(d).

Because the defendant was ignorant of the victim's identity when he hit him with his truck, the victim's prior removal from the United States could not have impacted his decision to commit the assault.  The victim's immigration history is not relevant to the elements that must be proved in the charged Counts, nor is it relevant to any defense against

those Counts.  The defendant should be precluded from introducing any evidence about it, including through questions during cross-examination of witnesses.  Because the victim's immigration history is not relevant to the charged Counts, the defense should also be precluded from asking about the victim's subsequent § 1325 illegal entry misdemeanor prosecution.  For example, there is no evidence that the victim's misdemeanor plea offer via the Operation Streamline program was any special benefit to the victim.  Aliens with a similar background, one prior removal, are regularly prosecuted through Operation Streamline and offered misdemeanor pleas in an expedited process.

Even assuming arguendo that the defendant could persuade the Court that there is some limited relevance to the victim's immigration history, any probative value of such evidence is substantially outweighed by a danger of confusing the issues and misleading the jury.  Thus, such evidence also should be excluded pursuant to Rule 403.  Focusing on the victim's immigration history serves only to distract the jury from the defendant's criminal conduct, and invites the jury to improperly consider their personal opinions on illegal immigration when determining whether the defendant intentionally hit the victim using deadly force.   Given the current atmosphere of political discourse around immigration and border security, such evidence is only likely to improperly inflame and confuse the jury.

Finally, evidence of the victim's prior removal from the United States does not meet the standard for impeachment pursuant to Rules 608 and 609, as it is not probative of the victim's character for truthfulness.  On a related note, the defendant should be precluded from introducing any extrinsic evidence about the victim's use of an alias when he was arrested on December 3, 2017, which is specifically prohibited by Rule 608(b).

III.    Conclusion

The defendant's immigration history is not relevant to the charged Counts, it has the potential to confuse and mislead the jury into political discourse about immigration and

border security, and it does not satisfy the standard for impeachment.  Given these reasons as explained above, the government respectfully requests that the Court grant this motion in limine to preclude the defendant from introducing evidence about the victim's immigration history.

       Respectfully submitted this 12th day of July, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Monica E. Ryan*

MONICA E. RYAN
LORI L. PRICE
Assistant U.S. Attorneys

Copy of the foregoing served electronically or by
other means this 12th day of July, 2019, to:

Sean C. Chapman, Esq.