MICHAEL BAILEY
United States Attorney
District of Arizona
MONICA E. RYAN
LORI L. PRICE
State Bar No. 025698
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: monica.ryan@usdoj.gov
       lori.price@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-1013-TUC-CKJ (DTF) |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE ABOUT UNRELATED INCIDENTS AND CONDITIONS AGENTS ENCOUNTER NEAR THE BORDER |
| Matthew Bowen, | |
| Defendant. | |

Plaintiff, United States of America, by and through its undersigned attorneys, hereby submits this motion in limine, pursuant to Federal Rules of Evidence 103(d), 401, 402 and 403, seeking an order from the Court to preclude the defendant from introducing evidence about unrelated incidents and conditions that Border Patrol agents may encounter while working near the international border between the United States and Mexico.

**I.    Facts**

On December 3, 2017, at approximately 7:30 a.m., defendant Matthew Bowen, while employed as a United States Border Patrol agent, intentionally hit the victim in the back with his government-issued Ford F-150 truck to stop the victim from fleeing and arrest him for the misdemeanor offense of unlawful entry into the United States. The

defendant's decision to use deadly force against a person who was running away from him and posed no threat is the basis for Count 1 of the Indictment.

At the time of the assault, the conditions were clear and sunny. On this Sunday morning, two Customs and Border Protection (CBP) officers operating stationary surveillance cameras observed the victim climbing over a fence at the Mariposa Port of Entry in Nogales, Arizona. They alerted Border Patrol agents in the tactical operations center who also focused their cameras on the victim and then called field agents to respond. In total, there were eight law enforcement officers (three on location and five assisting via live camera surveillance) responding to the suspected illegal entry by the victim. The defendant was one of the three field agents who responded. During the time of this incident, no other aliens were in the vicinity. None of the seven agents who participated in this event with the defendant observed any threats. As the field agents responded to the area, one of them found the victim hiding underneath a large parked trailer. When the victim was ordered to come out and surrender, he sprinted south, back towards the Port of Entry. Agents followed and within seconds, the defendant had hit the victim in the back with his truck to stop him from running. The victim did not possess any weapons or any objects that could have been mistaken for a weapon.

At trial, several witnesses will testify that it was unnecessary and unreasonable to use deadly force during this arrest. Based on what agents knew at the time, a suspected alien was fleeing after committing a misdemeanor illegal entry. These witnesses, agents who were at the scene and those watching the incident unfold live via surveillance cameras, will testify that they did not observe any threat from the victim or anyone else. The victim is also expected to testify that he did not possess any weapons or engage in any threatening behavior during the incident.

## II.    Law and Analysis

Federal Rule of Evidence 401 states that "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed.R.Evid. 401.  Irrelevant evidence is not admissible, Fed.R.Evid. 402, and courts "must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."  Fed.R.Evid. 103(d).

This case is about whether the defendant intentionally hit the victim with his F-150 truck.  There is no evidence that the defendant or anyone around him observed any threat.  In fact, the defendant himself wrote a report claiming that he accidentally accelerated too much, and that he was not sure if his truck contacted the victim, although he saw the victim fall down – this false report is the subject of Count 2 of the Indictment.  Based on the evidence and the defendant's own asserted defense, this is not a case about threats – border-related or otherwise.  Thus, any evidence about other incidents involving threatening circumstances or dangerous conditions Border Patrol agents may experience are not relevant to the facts of this particular case.  The defendant should be precluded from introducing evidence or asking questions on cross-examination (or on direct examination of the defendant, should he choose to testify) about specific past instances when the witnesses themselves or other Border Patrol agents were hurt in the line of duty (such as rockings or shootings of agents by aliens), or about the kinds of deadly threats that Border Patrol agents can potentially encounter during their work.

The defendant committed this assault on a sunny morning during which agents were responding to a suspected misdemeanor crime, agents greatly outnumbered the single alien, and no threats were observed.  Evidence of past incidents and the types of dangers that exist for agents working along the border are not relevant to the jury's determination of whether in this case the defendant willfully used excessive force against the victim and then lied to cover it up.

Even assuming arguendo that the defendant could persuade the Court that there is some limited relevance to general evidence about the kinds of threats Border Patrol agents may encounter in their daily work, such evidence should be excluded pursuant to Rule 403. Asking the jury to consider specific past incidents or dangerous conditions faced by Border Patrol agents along the international border, none of which existed in this case, would distract the jury from their duty to determine whether the defendant committed the crimes charged in the Indictment.  Instead, such evidence would invite the jury to improperly consider their personal opinions about border security.  This case is not about border security.  It is about whether the defendant intentionally struck a fleeing person using his F-150 truck to stop him from running away from agents.  Current political discourse around immigration and border security has the significant potential to improperly inflame and confuse the jury.  Eliciting this kind of evidence is an appeal for jury nullification.  That agents working along the border sometimes face dangerous conditions is a fact but it is not a fact that occurred in this case.  It is not relevant and it would be unduly prejudicial to present such evidence.

### III.     Conclusion

For all the reasons stated above, the government respectfully requests that the Court grant this motion in limine to preclude the defendant from introducing evidence about unrelated incidents and conditions that Border Patrol agents may encounter in the course of their work near the international border.

Respectfully submitted this 12th day of July, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Monica E. Ryan*

MONICA E. RYAN
LORI L. PRICE
Assistant U.S. Attorneys

1  Copy of the foregoing served electronically or by
   other means this 12th day of July, 2019, to:
2
   Sean C. Chapman, Esq.
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28