**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 18-01013-001-TUC-CKJ(BPV) |
| Plaintiff, | ) | |
| v. | ) | **RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF THE VICTIM'S IMMIGRATION HISTORY [DOC. 81]** |
| Matthew Bowen, | ) | |
| Defendant. | ) | |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., hereby responds in opposition to the Government's Motion in Limine to Preclude Evidence of the Victim's Immigration History. (Doc. 81.) This response is made for the reasons set forth in the following Memorandum of Points and Authorities.

Respectfully submitted this 16th day of July, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:   /s/  Sean Chapman
          Sean Chapman

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

Matthew Bowen is charged in a two count indictment with violating the civil rights of an undocumented alien, Mr. Lopez-Aguilar, by using excessive force to effectuate his arrest, and then lying about it in a report. (Doc. 1.) The Government seeks to preclude the defense from eliciting any evidence about Mr. Lopez-Aguilar's immigration history, which includes a prior removal in 2014 and the December 3, 2017 misdemeanor Illegal Entry conviction he obtained in connection with his arrest in this case. (Doc. 81 at p.2.) The Government's motion, however, skims over important details about Mr. Lopez-Aguilar's recent arrest. That is, he is a citizen of Guatemala, who lied to the arresting agents by telling them he was from Mexico. He also provided a false name and a false address in Mexico.[1] As an undocumented alien unlawfully present in the United States, there were two benefits to these lies. First, there was a chance the Border Patrol would not link him to his 2014 removal, and without that prior event, Mr. Lopez-Aguilar knew he would likely be removed again and thus avoid more serious charges and/or jail time.[2] Second, Mr. Lopez-Aguilar would not be sent all the way back to Guatamala. Rather, he would be deported to Mexico and it would be far

---

[1] The Government simply referred to these facts as "extrinsic evidence about the victim's use of an alias when he was arrested on December 3, 2017." (Doc. 81 at p. 3.)

[2] Although Mr. Lopez-Aguilar plead to a misdemeanor offense, he could have been charged with a felony. See 8 U.S.C. §1325(a)..

2

more easy to try to illegally re-enter the United States again. These facts are highly probative of Mr. Lopez-Aguilar's credibility. They demonstrate that he was willing to lie repeatedly to place himself in a better position within the U.S. legal system. They also demonstrate that he understood how the system works, and how to manipulate it for his own benefit. All of this bears on his credibility as a witness.

The Government asserts that Lopez-Aguilar was not given any benefit because he was treated the same as other defendants who go through Operation Streamline. (Doc. 81 at p. 3.) The question that bears on his credibility, however, is what Lopez-Aguilar thinks about the disposition of his offense. He may well believe he was given a more lenient sentence because of the information he provided, which led to this prosecution. The defense ought to be permitted to ask Lopez-Aguilar about this, or any other matter that seeks to expose his bias as a witness. Moreover, it is indisputable that Lopez-Aguilar has received a substantial benefit as a result of this case. He has twice been given "deferred action," which allows him to stay in the United States - at least until this case goes to trial. He therefore has a compelling reason to want to keep the Government on his side.

The jury should be allowed to evaluate Lopez-Aguilar's testimony in the context of what actually occurred-not after it has been carefully sanitized at the government's behest.

## II. LAW

Mr. Lopez-Aguilar's immigration history is highly probative of his credibility, which is always a proper area for cross-examination. The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him." "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315–16 (1974) (quoting 5 J. Wigmore, Evidence § 1395, at 123 (3d ed.1940)). As the Supreme Court explained, "[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Id.* at 315–16; *see also, United States v. Alcantara-Castillo*, 788 F.3d 1186, 1196 (9th Cir. 2015) (stating that the defendant's prior convictions for illegal reentry "surely impaired his credibility."). Improperly restricting defense counsel's cross-examination, when that examination is designed to show bias on the part of a prosecution witness, violates a defendant's Confrontation Clause rights. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

Like the Supreme Court, the Ninth Circuit has "'emphasized the policy favoring expansive witness cross-examination in criminal trials.'" *United States v. Cezares*, 788 F.3d 956, 983 (9th Cir. 2015), quoting *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc) (internal quotation omitted). The Circuit Court has also recognized:

> The constitutional right to cross examine is "[s]ubject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation," but that limitation cannot preclude a defendant from asking, not only "*whether* [the witness] was biased" but also "to make a record from which to argue *why* [the witness] might have been biased."

*Id.*, quoting *United States v. Schoneberg*, 396 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Davis v. Alaska*, 415 U.S. at 316, 318) (alterations in original) (footnotes omitted).

A reviewing court looks at three factors to determine whether a defendant's right to cross-examination has been violated: (1) whether the excluded evidence was relevant; (2) whether other legitimate interests outweighed the defendant's interest in presenting the excluded evidence; and (3) whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness the defendant was attempting to cross-examine. *Cezares*, 788 F.3d at 983-84. Applying these factors to Lopez-Aguilar's immigration history, it is clear that granting the Government's motion would result in a violation of Bowen's Sixth Amendment rights.

First, Lopez-Aguilar's immigration history is relevant to his credibility. And second, the interest asserted by the Government, that admission of Lopez-Aguilar's immigration history would be inflammatory or confusing given "the current atmosphere of political discourse around immigration and border security," is an issue that can and will be addressed through the jury selection process.

Lopez-Aguilar's history and conduct, as well as the numerous false statements are intertwined with his credibility and are thus probative of his character for

5

truthfulness. The evidence is therefore admissible pursuant to Fed. R. Evid. 608 (as to the 2014 removal and use of false name and address) and 609 (as to the illegal entry conviction). (Doc. 81 at p. 3.) The balancing analysis under Rule 403, required under rule 609(a)(1)(B), is easily resolved in favor of admission of this evidence. The evidence is highly probative of Mr. Lopez-Aguilar's credibility and there is little danger of confusing the issues or misleading the jury.

### III. CONCLUSION

For all the foregoing reasons, the Government's motion should be denied. Evidence of Mr. Lopez-Aguilar's immigration history is admissible pursuant to Federal Rules of Evidence 401, 402, 403, 608 and 609. Moreover, limiting Bowen's ability to cross-examine Mr. Lopez-Aguilar on evidence that bears on his credibility would violate Bowen's Sixth Amendment confrontation rights.

Respectfully submitted this 16th day of July, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:   /s/  Sean Chapman
            Sean Chapman

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 18, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
Lori Price
Lori.Price@usdoj.gov
US Attorney's Office – Tucson, AZ

*__Serena Lara__*