**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Matthew Bowen,<br><br>　　　　Defendant. | CR 18-01013-001-TUC-CKJ(BPV)<br><br>**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE ABOUT CONDITIONS NEAR THE BORDER [DOC. 82]** |

　　The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., hereby responds in opposition to the Government's Motion in Limine "to Preclude Evidence Evidence About Unrelated Incidents and Conditions Agents Encounter Near the Border. (Doc. 82.) This response is made for the reasons set forth in the following Memorandum of Points and Authorities.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  LAW AND ARGUMENT

Count one of the indictment alleges that Matthew Bowen, a Border Patrol Agent at the time, violated the civil rights of an undocumented alien by using excessive force to effectuate his arrest, in violation of 18 U.S.C. § 242. (Doc. 1.) In order to obtain a conviction, the government must prove beyond a reasonable doubt that Bowen "acted voluntarily and intentionally and with specific intent to interfere with the victim's right to be free from unreasonable searches and seizures." *United States v. Reese*, 2 F.3d 870, 885 (9th Cir. 1993). In *Reese*, with respect to the term "unreasonable," the Court approved instructing the jury that "the requisite specific intent is the intent to use more force than is necessary *under the circumstances*." *Id.* (emphasis added). The critical point, according to the Court, was that a mere intention to use force that the jury ultimately finds unreasonable, is insufficient for conviction under 18 U.S.C. § 242. Rather, the jury must find that the defendant "intended not only the force, but its unreasonableness, its character as 'more than necessary *under the circumstances*." *Id; see also Reese v. County of Sacramento,* 888 F.3d 1030, 1045 (9th Cir. 2018) (emphasis added) (reaffirming correctness of this legal principle). In addition to considering the circumstances under which Bowen acted, the jury will be instructed that the reasonableness of his actions should be judged from the perspective of a reasonable

2

officer on the scene, not with the 20/20 vision of hindsight. Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Ed.-Updated 4/2019), Instruction 9.25 (Particular Rights – Fourth Amendment – Unreasonable Seizure of Peron – Excessive (Deadly and Nondeadly) Force; *Kisela v. Hughes*, 584 U.S. 1148, 1152 (2018); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *Tennessee v. Garner*, 471 U.S. 1, 4 (1985); *see also*, *United States v. Reese*, 2 F.3d at 883-85 (approving of use of *Graham* standards to formulate jury instructions in criminal context).

      This Court should reject the Government's attempt to limit the relevant circumstances to the weather, the number of officers who responded, the ostensible lack of presence of other aliens, and the lack of an observable weapon on the victim's person or other threatening behavior by him. (Doc. 82 at p. 2.) The Government is, of course, free to argue that those circumstances are the most significant from their perspective, but the jury is entitled to hear all of the evidence that bears on the reasonableness of Bowen's actions, including:

1) the nature of the area where the apprehension occurred;

2) the common experiences of agents interdicting drugs and immigration offenses in their area;

3) strategies employed by aliens and smuggling organizations to get in to the county, and how the Border Patrol responds to them.

3

All of this is necessary to give the jury a complete understanding of the nature and circumstances of Mr. Bowen's apprehension of Lopez-Aguilar in this case. The jury cannot make a decision about Bowen's intent in the unrealistic, sanitized context proposed by the Government. Rather, whether Bowen intended to use more force than necessary *under the circumstances* can only be fairly judged after taking into consideration Bowen's own experiences, and the experiences of other agents operating in this area when apprehending putative defendants. To preclude this evidence would nullify the admonition not to view Bowen's actions with "the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. As the *Graham* Court explained, the calculus of reasonableness must allow for the fact that agents are often forced to make "split-second judgments" in circumstances that are "tense, uncertain, and rapidly evolving," about the amount of force that is necessary in a particular situation. *Id.* at 396-97.

Contrary to the Government's argument, evidentiary rules pertaining to relevancy do not preclude admission of this evidence. First, Bowen has already demonstrated the relevance of this evidence to the elements of the charged offense. Fed. R. Evid. 401 ("[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Second, even if admission of this evidence would cause some minimal amount of confusion (a contention with which undersigned counsel does not agree), that

4

risk does not substantially outweigh the probative value of the evidence. Fed. R. Evid. 403 (permitting the court to exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice, confusing the issues, etc.). Finally, the Supreme Court has expressly frowned upon reliance on evidentiary rules that infringe on the "weighty interest of the accused" to present a complete defense. *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (citation omitted).

## II. CONCLUSION

For all the foregoing reasons, the Government's motion should be denied.

Respectfully submitted this 16th day of July, 2019.

        LAW OFFICE OF SEAN CHAPMAN, P.C.

        BY:   /s/  Sean Chapman
                Sean Chapman

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 18, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
Lori Price
Lori.Price@usdoj.gov
US Attorney's Office – Tucson, AZ

*<u>Serena Lara</u>*