**Sean C. Chapman**
**Law Office of Sean C. Chapman, P.C.**
100 North Stone Avenue, Suite 701
Tucson, Arizona 85701
Telephone: (520) 622-0747
Fax: (520) 628-7861
Arizona State Bar No. 012088
Attorney for Defendant Bowen
Sean@seanchapmanlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) CR 18-01013-001-TUC-CKJ(BPV) |
|---|---|
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S PROPOSED** |
|  | ) **JURY INSTRUCTIONS** |
| Matthew Bowen, | ) |
| Defendant. | ) |

The Defendant MATTHEW BOWEN, through counsel Sean C. Chapman of THE LAW OFFICE OF SEAN C. CHAPMAN, P.C., pursuant to Rule 30 of the Federal Rules of Criminal Procedure, hereby moves the Court to give the following instructions to the jury of the above-captioned matter.

1

MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS
For the District Courts of the Ninth Circuit
(2010 Edition-Updated 4/2019)

1. **Preliminary Instructions:**

    1.1    Duty of Jury

    1.2    The Charge – Presumption of Innocence (as proposed below)

    1.3    What is Evidence

    1.4    What is Not Evidence

    1.5    Direct and Circumstantial Evidence

    1.6    Ruling on Objections

    1.7    Credibility of Witnesses

    1.8    Conduct of Jury

    1.9    No Transcript Available to Jury

    1.10    Taking Notes

    1.11    Outline of Trial

2. **Instructions in the Court of Trial:**

    2.1 Cautionary Instruction—First Recess

    2.2 Bench Conferences and Recesses

    2.3 Stipulated Testimony (if applicable)

    2.4 Stipulations of Fact (if applicable)

    2.5 Judicial Notice (if applicable)

    2.11 Other Crimes, Wrongs or Acts of Defendant (if applicable)

2.13 Evidence for Limited Purpose (if applicable)

3. **Instructions at End of Case:**

    3.1 Duties of Jury to Find Facts and Follow Law

    3.2 Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof

    3.3 or 3.4 Defendant's Decision To/Not to Testify (whichever is applicable)

    3.5 Reasonable Doubt—Defined

    3.6 What Is Evidence

    3.7 What Is Not Evidence

    3.8 Direct and Circumstantial Evidence

    3.9 Credibility of Witnesses

    3.10 Activities Not Charged (if applicable)

    3.11 Separate Consideration of Multiple Counts—Single Defendant

4. **Consideration of Particular Evidence:**

    4.1 Statements by Defendant

    4.3 Other Crimes, Wrongs or Acts of Defendant (if applicable)

    4.5 Character of Victim (if applicable)

    4.14 Opinion Evidence, Expert Witness (if applicable)

    4.15 Summaries Not Received in Evidence (if applicable)

    4.16 Charts and Summaries in Evidence (if applicable

5. **Responsibility:**

    5.7 Knowingly

7. **<u>Jury Deliberations:</u>**

   7.1 Duty to Deliberate

   7.2 Consideration of Evidence—Conduct of the Jury

   7.3 Use of Notes

   7.4 Jury Consideration of Punishment

   7.5 Verdict Form

   7.6 Communication with Court

   7.7 (Deadlocked Jury (if applicable)

   7.9 Specific Issue Unanimity

   7.10 Readback or Playback

   In addition to the foregoing standard instructions, the Defendant requests the jury be instructed on the substantive offenses as proposed in the following pages.

**DEFENDANT'S PROPOSED INSTRUCTION 1.2**
**The Charge – Presumption of Innocence**

This is a criminal case brought by the United States government. The government has charged Mr. Bowen with two violations of law. In Count 1 Mr. Bowen is charged with violating the civil rights of Mr. Lopez-Aguilar to be free from unreasonable seizure, by striking him with a motor vehicle, and resulting in bodily injury, on December 3, 2017. In Count 2 Mr. Bowen is charged with obstruction of justice on December 12, 2017, by knowingly making a false entry in a memorandum to the Chief Patrol Agent of the Tucson Sector of the Border Patrol, with the intent to impede, obstruct and influence an investigation within the jurisdiction of the Department of Homeland Security.

Mr. Bowen has pleaded not guilty to these charges. He is presumed innocent unless and until the government his guilt beyond a reasonable doubt. In addition, Mr. Bowen has the right to remain silent and he never has to prove innocence or present any evidence.

In order to help you follow the evidence, I will give you a brief summary of the elements of the crimes which the government must prove to make its case:

For Count 1, 18 U.S.C. § 242 makes it a crime for anyone acting under color of law to willfully deprive someone else of a right secured by the Constitution of the United States. Acts are performed under color of law when the defendant acts in his official capacity or purports or claims to act in his official capacity.

In general, a seizure of a person is unreasonable under the Fourth Amendment to the United States Constitution, if a police officer uses excessive force in making a lawful arrest or in attempting to stop a fleeing or escaping suspect. Therefore, in order to prove an

unreasonable seizure in this case, the government must prove, beyond a reasonable doubt, that Mr. Bowen, while acting in his official capacity, used excessive force in the course of arresting Mr. Lopez-Aguilar.

Under the Fourth Amendment, a police officer may only use force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of the particular officer on the scene and not with the 20/20 vision of hindsight. The government must prove beyond a reasonable doubt that the acts of Mr. Bowen deprived Mr. Lopez-Aguilar. of his right to be free from unreasonable searches or seizures. In addition, the government must prove that Mr. Bowen acted willfully and with the intention to deprive Mr. Lopez-Aguilar of his constitutional rights. If you find the government has proved each of these elements of the offense charged in Count 1, then you must also determine whether the government proved, beyond a reasonable doubt, that Mr. Lopez-Aguilar suffered a bodily injury, and that the bodily injury resulted from the acts committed by Mr. Bowen.

In order to find Mr. Bowen guilty as charged in Count 2 of the indictment, the government must prove, beyond a reasonable doubt, that he knowingly falsified a record or document and that he did so with the intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States. An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. __
## 18 U.S.C. § 242
## (Elements)

18 U.S.C. § 242 makes it a crime for anyone acting under color of law willfully to deprive someone else of a right secured by the Constitution of the United States.

Mr. Bowen can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

*First:* that Mr. Bowen was acting under color of law when he committed the acts charged in the indictment; and

*Second:* that the acts of Mr. Bowen deprived Mr. Lopez-Aguilar of his right to be free from unreasonable searches or seizures, which is a right secured by the Constitution; and

*Third:* that Mr. Bowen acted willfully, intending to deprive Mr. Lopez-Aguilar of that right; and

Fourth: Mr. Lopez-Aguilar suffered a bodily injury as a result of Mr. Bowen's acts; and

Fifth: that Mr. Lopez-Aguilar was present in the United States.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you should find Mr. Bowen not guilty.

SOURCE:
18 U.S.C. § 242; *United States v. Lanier*, 520 U.S. 259 (1997); *Screws v. United States*, 325 U.S. 91 (1945); *United States v. Price*, 383 U.S. 787 (1966); *States v. Reese*, 2 F.3d 870 (9th Cir. 1993); *United States v. Lewis*, 368 F.3d 1102 (2004).

7

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. __**
**18 U.S.C. § 242**
**(Definition of Color of Law)**

Acts are performed under color of law when the defendant acts in his official capacity or purports or claims to act in his official capacity. The acts of Mr. Bowen must consist of the abuse or misuse of the power possessed by Mr. Bowen by virtue of his office.

SOURCE:
Pattern Criminal Federal Jury Instructions for the Seventh Circuit (2012 Ed. Plus 2015-2017 and 2018 changes, at p. 159), citing *United States v. Price*, 383 U.S. 787 794 & n.7 (1966) ("Color of law" under § 242 has same definition as under 42 U.S.C. § 1983; "[p]rivate persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute."); *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (Under section 1983, "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of state law.").

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. __**
**18 U.S.C. § 242**
**(Definition of Intent to Deprive)**
**(Definition of Willful)**

The offenses charged in Counts 1 of the Indictment includes an element that Mr. Bowen acted willfully, intending to deprive Mr. Lopez-Aguilar of the right to be free from unreasonable searches and seizures.

In order to find that the defendants acted with the requisite intent, you must find the government proved beyond a reasonable doubt that Mr. Bowen acted voluntarily and intentionally and with specific intent to deprive Mr. Lopez-Aguilar of his right to be free from unreasonable searches and seizures.

In other words, you must find Mr. Bowen guilty if you find he had the specific intent to do something the law forbids, that is, with the intent to violate the right of Mr. Lopez-Aguilar to be free from unreasonable searches and seizures. A mere intention to use force that you find is unreasonable, is not sufficient. You must find that Mr. Bowen not only intended the force, but its unreasonableness, its character as "more than reasonable under the circumstances."

You must find Mr. Bowen not guilty if you find only that he intended to engage in contact having the effect of the deprivation.

You must find Mr. Bowen not guilty if you find he only generally had a bad purpose.

SOURCE:
*Reese v. County of Sacramento,* 888 F.3d 1030, 1044045 (9th Cir. 2018); *United States v. Reese*, 2 F.3d 870 (9th Cir.1993); *Apodaca v. United States*, 188 F.2d 932, 937 (9th Cir. 1951*); United States v. McClean*, 528 F.2d 1250 (2nd Cir. 1976); *United States v. Ramey*, 336 F.2d 512 (4th Cir. 1964).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. __**

You are instructed that a violation of Border Patrol internal policies and procedures do not, in and of themselves, give rise to a violation of the civil rights of any individual.

SOURCE:
*Greenridge v. Ruffin,* 927 F.2d 789, 792 (4th Cir. 1991).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. __**
**18 U.S.C. § 242**
**(Standard for Evaluating use of Force by a Peace Officer)**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in attempting to stop a fleeing or escaping expert. Therefore, in order to prove an unreasonable seizure in this case, the government must prove, beyond a reasonable doubt, that Mr. Bowen used excessive force in his conduct with Mr. Lopez-Aguilar.

Under the Fourth Amendment, a police officer may only use force as is "objectively reasonable" under all of the circumstances. You must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

Reasonableness is determined by the information possessed by the officer at the moment the force is employed. Knowledge of facts and circumstances gained after the fact cannot be considered in evaluating the reasonableness of the officer's use of force.

The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

In determining whether Mr. Bowen used excessive force in this case, consider all of the circumstances known to him on the scene, including:

(1) the nature of the crime or other circumstances known to Mr. Bowen at the time force was applied;

(2) whether Mr. Lopez-Aguilar posed an immediate threat to the safety of the officer or others;

(3) whether Mr. Lopez-Aguilar was actively resisting arrest or attempting to evade arrest by flight;

(4) the amount of time Mr. Bowen had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period; and

(5) the type and amount of force used.

SOURCE:

Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Ed.- Updated 4/2019), Instruction 9.25 (Particular Rights – Fourth Amendment – Unreasonable Seizure of Peron – Excessive (Deadly and Nondeadly) Force; *Kisela v. Hughes*, 584 U.S. __ (2018); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *Tennessee v. Garner*, 471 U.S. 1, 4 (1985); *United States v. Reese*, 2 F.3d 870 (9th Cir. 1993) (approving of relying on *Graham* to formulate jury instructions in criminal context); *United States v. Ramos*, 537 F.3d 439, 457-58 (5th Cir. 2008) (applying *Garner* and *Graham* to criminal convictions arising from a police officer's use of deadly and non-deadly force); *Culosi v. Bullock*, 596 F.3d 195, 201 (4th Cir. 2010); *Sherrod  v. Berry*, 856  F.2d 802, 805 (7th Cir. 1998); *United States v. Ramos*, 537 F.3d 439, 457 (5th Cir. 2008) (applying *Garner* and *Graham* in reviewing criminal convictions arising from a police officer's use of force).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. \_\_**
**18 U.S.C. § 242**
**(Theory of Defense)**

A law enforcement officer is not obligated to use the least intrusive means of responding to an exigent situation. In other words, an officer's use of force is not unreasonable simply because other courses of action would have also been reasonable. For an officer's use of force to be unreasonable, it must be outside the range of reasonable options available to the officer.

SOURCE:
*Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994) (officers need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act "within that range of conduct we identify as reasonable"); *McLenagan v. Karnes*, 27 F.3d 1002, 1008 (4th Cir. 1994) (officer "acted well within the range of behavior expected of a police officer" when he made a split-second decision to shoot a suspect he believed might be armed).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. __**
**18 U.S.C. § 242**
**(Theory of Defense)**

A law enforcement officer's use of force is not unreasonable if it is the product of a mere mistake of judgment.

SOURCE:
*Pearson v. Callahan,* 555 U.S. 223, 231 (2009); *Butz v. Economou,* 438 U.S. 478, 507 (1978) (law enforcement "officials will not be liable for mere mistakes in judgment, whether the mistake is one of fact or one of law"); *Maryland v. Garrison*, 480 U.S. 79, 87 (1987) ("the Court has also recognized the need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants").

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. __**
**18 U.S.C. § 242**
**(Bodily Injury)**

If you find Mr. Bowen guilty as charged in Count One of the indictment, you must then determine whether the government has proven that Mr. Lopez-Aguilar suffered a bodily injury as a result of acts committed by Mr. Bowen.

The term "bodily injury" includes any of the following: a cut, abrasion, bruise, burn, or disfigurement; physical pain; illness, impairment of [a ; the] function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.

You will see on the verdict form a question concerning this issue. You should consider this question only if you have found the government has proven Mr. Bowen guilty as charged in Count 1 of the indictment.

If you find that the government has proven beyond a reasonable doubt that Mr. Lopez-Aguilar suffered bodily injury as a result of Mr. Bowen's acts, then you should answer that question "Yes."

If you find that the government has not proven beyond a reasonable doubt that Mr. Lopez-Aguilar suffered bodily injury as a result of Mr. Bowen's acts, then you should answer that question "No."

SOURCE:
Section 242 does not define the term "bodily injury." The definition above is taken from several other statutes in Title 18 that use that term. *See* 18 U.S.C. §§ 831(f)(5); 1365(h)(4); 1515(a)(5); and 1864(d)(2). *See also United States v. Bailey*, 405 F.3d 102, 111 (1st Cir. 2005); *United States v. Myers*, 972 F.2d 1566, 1572 (11th Cir. 1992); *United States v. DeSantis*, 565 F.3d 354, 362 (7th Cir. 2009) (citing *Bailey* and *Myers* with approval).

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO. __**
**18 U.S.C. § 1519**
**(Elements of the Offense)**

Mr. Bowen is charged in Count 2 of the indictment with obstruction of justice in violation of Section 1519 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*: Mr. Bowen knowingly falsified a record or document; and

*Second:* Mr. Bowen acted with the intent to impede, obstruct or influence an actual or contemplated investigation; and

*Third:* the investigation concerned a matter within the jurisdiction of any department or agency of the United States.

Even when a defendant intends to obstruct justice, the government still must prove that he *actually* altered, destroyed, concealed or falsified a record or document, in order to secure a conviction under § 1519. Therefore, if you find that Mr. Bowen did not actually falsify the December 12, 2017 memorandum submitted to the Chief Patrol Agent of the Tucson Sector regarding the events of December 3, 2017, you must find him not guilty of this charge.

Reports prepared by law enforcement officers qualify as "records" or "documents" under § 1519.

SOURCE:

Ninth Cir. Model Criminal Jury Instruction 8.131A; *United States v. Gonzalez*, 906 F.3d 784, 794 (9th Cir. 2018) (reports prepared by law enforcement officers); *United States v. Katakis*, 800 F.3d 1017, 1030 (9th Cir. 2015) (affirming judgment of acquittal when government failed to prove that defendant who meant to delete emails successfully did so, and holding that does not qualify as concealment under § 1519).

Respectfully submitted this 16th day of August, 2019.

LAW OFFICE OF SEAN CHAPMAN, P.C.

BY:   /s/  Sean Chapman
          Sean Chapman

# CERTIFICATE OF SERVICE

The undersigned certifies that on August 4, 2019, he caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification to the following:

Monica Ryan
Monica.Ryan@us.doj.gov
US Attorney's Office – Tucson, AZ
405 W. Congress, Suite 4800
Tucson, AZ 85701-4050

Serena Lara