MICHAEL BAILEY
United States Attorney
District of Arizona
MONICA E. RYAN
LORI L. PRICE
Arizona State Bar No. 025698
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona 85701
monica.ryan@usdoj.gov
lori.price@usdoj.gov
Telephone: (520) 620-7300

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>Matthew Bowen,<br><br>　　　　Defendant. | CR-18-01013-TUC-CKJ (DTF)<br><br>**PROPOSED JURY INSTRUCTIONS** |

The United States of America, by and through undersigned counsel, respectfully submits the proposed jury instructions and requests that the same be given by the Court to the jury in the above-captioned matter. The Model Instructions from the Ninth Circuit Model Criminal Jury Instructions (2010) (last updated January 2019) are identified by number and can found at the Ninth Circuit website: http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.

Respectfully submitted this 5th day of August, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Monica E. Ryan*

MONICA E. RYAN
LORI L. PRICE
Assistant United States Attorneys

Copy of the foregoing served electronically or by other means this 5th day of August, 2019, to:

Sean Chapman, Esq.
All ECF Participants

# MODEL INSTRUCTIONS

The government requests that the following standard instructions from the Ninth Circuit Model Criminal Jury Instructions be read along with the accompanying Government's Requested Jury Instructions:

**Preliminary Instructions**

1.1     Duty of Jury

1.2     The Charge-Presumption of Innocence

1.3     What is Evidence

1.4     What is Not Evidence

1.5     Direct and Circumstantial Evidence

1.6     Ruling on Objections

1.7     Credibility of Witnesses

1.8     Conduct of the Jury

1.9     No Transcript Available to Jury

1.10    Taking Notes

1.11    Outline of Trial

1.12    Jury to Be Guided by Official Translation/Interpretation

**Instructions In The Course Of Trial**

2.1     Cautionary Instruction-First Recess

2.2     Bench Conferences and Recesses

2.3     Stipulated Testimony (if applicable)

2.4     Stipulations of Fact (if applicable)

2.10    Foreign Language Testimony (if applicable)

2.11    Other Crimes, Wrongs or Acts of Defendant (if applicable)

2.13    Evidence for Limited Purpose (if applicable)

**Instructions At End Of Case**

3.1     Duties of Jury to Find Facts and Follow Law

3.2     Charge Against Defendant Not Evidence-Presumption of Innocence-Burden of Proof

3.3     Defendant's Decision Not to Testify (if applicable)

3.4     Defendant's Decision to Testify (if applicable)

3.5     Reasonable Doubt-Defined

3.6     What is Evidence

3.7     What is Not Evidence

3.8     Direct and Circumstantial Evidence

3.9     Credibility of Witnesses

3.10    Activities Not Charged (if applicable)

3.11    Separate Consideration of Multiple Counts—Single Defendant

3.19    Foreign Language Testimony

3.20    On or About - Defined

**Consideration of Particular Evidence**

4.1     Statements by Defendant

4.3     Other Crimes, Wrongs or Acts of Defendant (if applicable)

4.11    Eyewitness Identification

4.14    Opinion Evidence, Expert Witness (if applicable)

4.15    Dual Role Testimony

4.16    Summaries Not Received in Evidence (if applicable)

4.17    Charts and Summaries in Evidence (if applicable)

**Jury Deliberations**

7.1     Duty to Deliberate

7.2     Consideration of Evidence-Conduct of the Jury

7.3     Use of Notes

7.4     Jury Consideration of Punishment

7.5     Verdict Form

7.6     Communication with Court

**<u>Government's Requested Jury Instruction No. 1</u>**

**The Charge – Presumption of Innocence (Model Instruction No. 1.2)**

This is a criminal case brought by the United States government. The government charges the defendant with deprivation of rights under color of law and falsification of a record. The charges against the defendant are contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes which the government must prove to make its case:

It's a Federal crime for anyone acting under color of law to willfully deprive someone else of his rights secured by the Constitution or laws of the United States.

For you to find the defendant guilty of Count One of the Indictment, you must find that the Government has proven the following facts, beyond a reasonable doubt:

| | |
|---|---|
| <u>First</u>: | That the defendant acted under color of law; |
| <u>Second</u>: | That the defendant deprived the victim, A.L.-A., of rights secured and protected by the Constitution or laws of the United States; in this case, the right to be free from unreasonable seizure by one acting under color of law; |
| <u>Third</u>: | That the defendant acted willfully, and, |
| <u>Fourth</u>: | That the offense resulted in bodily injury to A.L.-A.; |
| | or that the defendant used a dangerous weapon to commit the offense. |

Count Two of the Indictment charges defendant Matthew Bowen with violating Title 18, United States Code, Section 1519 by falsifying a record to obstruct the investigation and proper administration of a federal matter.  In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First:          That the defendant knowingly falsified a record or document;

Second:     That the defendant, acted with the intent to impede, obstruct, or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States, here the United States Department of Homeland Security.

## **AUTHORITY:**

18 U.S.C. § 242.

18 U.S.C. § 1519.

Ninth Circuit Manual of Model Criminal Jury Instructions, No. 1.2 (2010) (Approved 01/2019).

Ninth Circuit Manual of Model Criminal Jury Instructions, No. 8.131A (2010) (Approved 01/2019).

Eleventh Circuit Pattern Jury Instructions, Criminal Cases – Instruction O8 (2016) (modified).

United States v. Lanier, 520 U.S. 259, 264 (1997) (outlining elements of 18 U.S.C. § 242).

United States v. Lewis, 368 F.3d 1102, 1106 (9th Cir. 2004) (holding that § 242 "makes it a criminal act to act "(1) 'willfully' and (2) under color of [state] law (3) to deprive a person of rights protected by the Constitution or laws of the United States").

United States v. Reese, 2 F.3d 870, 880 (9th Cir. 1993) (section 242 penalizes a defendant "for acting 'willfully' 'under color of any law' to 'subject' another 'to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States'") (quoting 18 U.S.C. § 242).

United States v. Katakis, 800 F.3d 1017, 1023 (9th Cir. 2015) ("In order to prove a violation of § 1519, the Government must show that the defendant (1) knowingly committed one of the enumerated acts in the statute, such as destroying or concealing; (2) towards 'any record, document, or tangible object'; (3) with the intent to obstruct an actual or contemplated

investigation by the United States of a matter within its jurisdiction.").

United States v. Benton, 890 F.3d 697, 711 (8th Cir. 2018) ("A department or agency has jurisdiction, in this sense, when it has the power to exercise authority in a particular situation. Understood in this way, the phrase 'within the jurisdiction' merely differentiates the official, authorized functions of an agency or department from matters peripheral to the business of that body.") (quoting United States v. Rodgers, 475 U.S. 475, 479 (1984)).

United States v. McQueen, 727 F.3d 1144, 1151–52 (11th Cir. 2013) ("Section 1519's language requires only that a criminal defendant "knowingly" alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry. There is nothing in the language that says the defendant must also know that any possible investigation is federal in nature . . . '[A]ny matter within the jurisdiction' is merely a jurisdictional element, for which no *mens rea* is required.").

United States v. Yielding, 657 F.3d 688, 711 (8th Cir. 2011) ("Congress thereby sought to extend the prohibition [of § 1519] to situations in which the accused does not act directly with respect to a pending matter, but acts either in contemplation of a future matter or in relation to a pending matter.")

### Government's Requested Jury Instruction No. 2
### Count One: Deprivation of Rights Under Color of Law
### First Element - Under Color of Law

The first element of Count One requires the government to prove that the defendant acted under color of law.

A person acts under color of law if he is an official or employee of a state government or the federal government and he uses or abuses power he possesses because of his official position.  A government official, such as a police officer, federal agent, deputy sheriff or corrections officer, acts "under color of law" if he is performing his official duties, even if he misuses or abuses his official authority by doing something the law forbids.

If you find that on or about December 3, 2017, the defendant, Matthew Bowen, was a United States Border Patrol Agent, and that he acted or gave the appearance of acting as a Border Patrol Agent at the time of the charged incident, then you may find that he acted under color of law.

### AUTHORITY:

Ninth Circuit Manual of Model Civil Jury Instructions, No. 9.3 (42 U.S.C. § 1983 Claim Against Defendant in Individual Capacity – Elements and Burden of Proof) (2017).

West v. Atkins, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." (citation omitted)).

Griffin v. Maryland, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action.  It is irrelevant that he might have taken the same action had he acted in a purely private capacity or that the particular action which he took was not authorized by state law.").

Monroe v. Pape, 365 U.S. 167, 183-184 (1961) ("under color of state law" includes misuse of power possessed by virtue of state law and made possible because the wrongdoer is clothed with the authority of state law") (overruled on other grounds).

Screws v. United States, 325 U.S. 91, 110 (1945) ("It is clear that under 'color' of law means under 'pretense' of law. . . .  Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.").

Anderson v. Warner, 451 F.3d 1063, 1068-69 (9th Cir. 2006) (misuse of lawful authority can constitute action taken under color of law).

McDade v. West, 223 F.3d 1135, 1140 (9th Cir. 2000) (noting that to act under color of law, "[t]he acts, therefore, must be performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties") (citing Van Ort v. Estate of Stanewich, 92 F.3d 831, 838 (9th Cir. 1996).

United States v. Reese, 2 F.3d 870, 886 (9th Cir. 1993) (holding that in "case involving illegal conduct by law enforcement officers during the detention and arrest of criminal suspects, conduct that unquestionably took place under color of law [,] even if they were animated by purely personal reasons, appellants would not be immunized from criminal liability under section 242.")

**Government's Requested Jury Instruction No. 3**
**Count One: Deprivation of Rights Under Color of Law**
**Second Element – Deprivation of a Federal Right**

The second element of Count One requires the government to prove that the defendant deprived A.L.-A. of rights secured or protected by the Constitution or laws of the United States.  Specifically, the indictment alleges the right at issue is A.L.-A.'s right to be free from unreasonable seizures by someone acting under color of law, which is protected by the United States Constitution, and includes A.L.-A.'s right to be free from the use of excessive force by someone acting under color of law.  The United States Constitution guarantees everyone in this country the right to be free from unreasonable seizure by a law enforcement officer.  This includes the right to be free from the use of unreasonable physical force during the course of an arrest.

Unreasonable force is physical force that exceeds the objective need to use such force.  Although a law enforcement officer may use force if there is an objective basis to do so, he may not use more force than is reasonably necessary under the circumstances. For example, a law enforcement officer may use force to effectuate an arrest, prevent a suspect from escaping from custody, or to defend himself or another from bodily harm.  However, the law enforcement officer may not use more force than is reasonably necessary to accomplish these objectives.

An officer may not use force solely to punish, retaliate against, or seek retribution against another person.  To determine whether the defendant used unreasonable force, you should consider all of the circumstances of the alleged incident from the point of view of a reasonable officer on the scene.  In deciding whether the defendant used unreasonable force, you may consider the severity of the suspect's crime, the threat that the suspect posed to the

safety of the agents or others, and whether the suspect was actively resisting arrest or attempting to flee at the time the force was used.

Whether the defendant used unreasonable force in violation of the Fourth Amendment does not depend at all on the degree of injury caused; there is no injury requirement for this element.

If you determine that the defendant used physical force against A.L.-A., you must then decide whether that force was reasonable.  You should make this determination considering of all the facts and circumstances from the point of view of an ordinary and reasonable officer on the scene.  In making your determination, you may consider the severity of the crime, if any, committed by A.L.-A., the extent, if any, to which A.L.-A. posed a threat to the safety of the defendant or to any other person present; and the extent, if any, to which A.L.-A. was physically resisting arrest or attempting to flee at the time force was used.  If, after considering all the circumstances, you find that the defendant used unreasonable force against A.L.-A., then you may find that the second element is satisfied.

## AUTHORITY:

U.S. Const. amend. IV

18 U.S.C. § 242.

Graham v. Connor, 490 U.S. 386, 394-95 (1989) (holding that law enforcement officials who use excessive force in the course of a seizure should be judged in reference to a reasonableness standard).

Fontana v. Haskin, 262 F.3d 871, 880 (9th Cir. 2001) (factors bearing on reasonableness; "[W]here there is no need for force, *any* force used is constitutionally unreasonable." (quoting Headwaters Forest Def. v. County of Humboldt, 240 F.3d 1185, 1199 (9th Cir. 2001) (emphasis in original)).

Jensen v. City of Oxnard, 145 F.3d 1078, 1086 (9th Cir. 1998) ("The reasonableness of an individual's use of force is reviewed 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'")

Wilks v. Reyes, 5 F.3d 412, 416 (9th Cir. 1993) (constitutional violation not dependent upon injury).

Hernandez v. City of Los Angeles, 624 F.2d 935, 938 (9th Cir. 1980) (victim's state court conviction for resisting arrest did not preclude § 1983 liability suit against arresting officer).

Bell v. Wolfish, 441 U.S. 520, 539 n.20 (1979) ("Retribution and deterrence are not legitimate nonpunitive governmental objectives.").

United States v. Aguilar, 242 Fed.Appx. 239, 243 (5th Cir. 2007) (affirming jury instruction in a Fourth Amendment "use of force" case that included instruction that an officer "may not use force to punish, retaliate or seek retribution against a person who has been arrested.").

### Government's Requested Jury Instruction No. 4
### Count One: Deprivation of Rights Under Color of Law
### Third Element - Willfulness

The third element requires the government to prove that the defendant acted willfully. To act "willfully" means to act voluntarily and purposely, with the specific intent to do something the law forbids. In this case, to act willfully means to act with the specific intent to interfere with A.L.-A.'s right, which I have previously explained more fully, to be free from the use of excessive force by one acting under color of law.

Although the government must prove beyond a reasonable doubt that the defendant voluntarily and deliberately deprived A.L.-A. of a constitutional right, it is not necessary for the government to prove that the defendant was thinking in constitutional or legalistic terms at the time of the incident. Nor is it necessary for the government to prove that he had an appreciation that his conduct was prohibited by a particular provision of the criminal code or the Constitution. You must, however, find that the defendant intended to do what the Constitution forbids. In this context, that means you must find that the defendant intended to use more force than was reasonable under the circumstances.

Intent may be proved by circumstantial evidence. Ordinarily, a defendant's state of mind cannot be proven directly because no one can read another person's mind and tell what that person is thinking. But a defendant's state of mind can still be proven indirectly from the surrounding circumstances. Thus, in determining what a defendant intended, you may consider any statements the defendant made and any acts he did or did not do, you may consider what he knew from his training, as well as all other facts and circumstances received in evidence that may aid in your determination of that person's knowledge or intent. In determining a defendant's intent, you may infer that a person ordinarily intends all the

natural and probable consequences of an act he or she knowingly takes.  In other words, you may infer and find that the defendant intended the consequences that a Border Patrol Agent, standing in like circumstances and possessing like knowledge, should have expected to result from actions he knowingly took.  However, it is entirely up to you to decide what facts to find from the evidence.

If the government proves that the defendant acted with the intent I have just discussed, it is no defense that the he may have acted out of anger, frustration, or some other emotion.  You may, however, consider such motivations -- as well as any malice displayed by the defendant -- in determining whether the defendant acted willfully, as I have described that term to you.

Finally, the government does not need to prove that the defendant's acts were premeditated or of long duration.

## **AUTHORITY:**

Eleventh Circuit Pattern Jury Instructions, Criminal Cases – Basic Instruction B9.1A (2016) (modified).

2 Kevin O'Malley, Jay Grenig, & Hon. William Lee, Federal Jury Practice & Instructions, § 29:05 (2019) (defining "willfully").

Screws v. United States, 325 U.S. 91, 101, 106 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution.  When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees.") (holding that a defendant acts "willfully" when he "act[s] in open defiance or in reckless disregard of a constitutional requirement").

United States v. Morales, 108 F.3d 1031, 1037 (9th Cir. 1997) ("Willfulness requires that an act be done knowingly and intentionally, not through ignorance, mistake or accident.").

United States v. Reese, 2 F.3d 870, 881 (9th Cir. 1993) (holding that defendant may act with the requisite specific intent "without 'thinking in constitutional terms'") (quoting Screws v. United States, 325 U.S. 91, 106 (1945)).

United States v. Gwaltney, 790 F.2d 1378, 1386 (9th Cir. 1986) ("[I]t is not necessary for the Government to prove the defendant was thinking in constitutional terms at the time of

the incident, for a reckless disregard for a person's constitutional rights is evidence of specific intent to deprive that person of those rights.").

United States v. Cowden, 882 F.3d 464, 474 (4th Cir. 2018) ("Willfulness may be shown by circumstantial evidence, provided that the defendant's purpose reasonably may be inferred from all the connected circumstances.").

United States v. House, 684 F.3d 1173, 1199-1200 (11th Cir. 2012) ("A person acts 'willfully' for purposes of section 242 when he acts with a specific intent to deprive a person of a federal right made definite by decision or other rule of law, or in open defiance or in reckless disregard of a constitutional requirement which has been made specific and definite. This Court has recognized that a series of individual actions that support an innocent explanation, when viewed in a vacuum, may in combination provide sufficient evidence for a reasonable juror to infer a defendant's intent. We have also explained that, in making findings of a defendant's intent, the defendant's subsequent conduct may be considered if it supports a reasonable inference as to [his] prior intent.") (Internal citations and quotation marks omitted).

## Government's Requested Jury Instruction No. 5
### Count One: Deprivation of Rights Under Color of Law
### Bodily Injury

For the fourth element, you must decide whether the government has proven beyond a reasonable doubt that the offense charged in Count One resulted in bodily injury to A.L.-A., or that it involved the use of a dangerous weapon.  I will first instruct you about bodily injury.

"Bodily injury" means any injury to the body, no matter how minor or temporary, and it includes any cut, abrasion, bruise, burn, disfigurement, illness, physical pain, or impairment of a bodily member or mental faculty.

The government need not prove that the defendant <u>intended</u> to cause bodily injury.  The government also need not prove that a defendant's acts were the sole cause of bodily injury.  The government need only prove that bodily injury—no matter how slight—resulted from the offense in which the defendant participated.


## AUTHORITY:

18 U.S.C. § 242.

18 U.S.C. §§ 831(g)(5); 1365(h)(4), 1515(a)(5), 1864(d)(2) ("bodily injury" defined for purposes of other federal statutes).

**General Definition**

<u>United States. v. DiSantis</u>, 565 F.3d 354, 362 (7th Cir. 2009) (upholding instruction; noting that § 242 does not define bodily injury but noting that jury instructions "track[ed] the language of several criminal statutes that define bodily injury as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary." and that the "remaining portion of the instruction is similar to the definition of bodily injury provided by the Sentencing Guidelines.") (citing U.S.S.G. § 1B1.1 commentary).

<u>United States v. Perkins</u>, 470 F.3d 150, 161 (4th Cir. 2006) ("Although the statute does not define 'bodily injury,' the term is defined identically in four other provisions of Title 18,"

noting "All of these provisions define 'bodily injury' as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.") (internal citation omitted).

**Bodily Injury Need Not Be Intended**

United States v. Woodlee, 136 F.3d 1399, 1405-6 (10th Cir. 1998) (holding that 18 U.S.C. § 245's bodily injury element is a standard of causation, not intent, that is satisfied if injury was a foreseeable result of the defendant's conduct, and noting that the statute "expressly provides the government need only show the defendants' illegal conduct resulted in bodily injury; not that the defendants intended bodily injury.").

United States v. Marler, 756 F.2d 206, 215-16 (1st Cir. 1985) (holding in applying "death resulting" enhancement in § 242 that the "district court was correct in charging that Marler could be convicted under section 242 if Brown's death was a proximate result of Marler's conduct "in the sense of being a natural and foreseeable result of that conduct . . . [A] defendant must be proved to have 'willfully' subjected the victim to a deprivation of civil rights. But if so, and death 'results'—whether or not it was intended—the higher penalty applies provided death was a natural and foreseeable result of the improper conduct.").

United States v. Hayes, 589 F.2d 811, 821 (5th Cir. 1979) ("When the Congress provided that any deprivation of defined rights under color of law resulting in death may be punished by life imprisonment, we must consider it to have been fully cognizant of the principles of legal causation. . . . No matter how you slice it, 'if death results' does not mean 'if death was intended.' To hold otherwise would make a mockery of the statute.").

**<u>Government's Requested Jury Instruction No. 6</u>**

**Count One: Deprivation of Rights Under Color of Law
Dangerous Weapon**

Whether or not you determine that bodily injury resulted from the offense, you must also decide whether the government has proven beyond a reasonable doubt that the defendant used a dangerous weapon in connection with the offense charged in Count One.

I hereby instruct you that you may find that a 2017 Ford F-150 truck is a dangerous weapon if you find it was used in a way that was capable of causing death or serious bodily injury.

**<u>AUTHORITY:</u>**

18 U.S.C. § 242.

18 U.S.C. § 930(g)(2) and 18 U.S.C. § 1992(d)(2) ("The term 'dangerous weapon' means a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury . . .").

Ninth Circuit Manual of Model Criminal Jury Instructions, No. 8.7 (2010 Ed.) (explaining what qualifies a specific weapon as a "dangerous weapon" for purposes of Assault With Dangerous Weapon, 18 U.S.C. § 113(a)(3)).

<u>United States v. Riggins</u>, 40 F.3d 1055, 1057 (9th Cir. 1994) (holding that what constitutes a dangerous weapon in a particular case is a question of fact for the jury (citing <u>United States v. Moore</u>, 846 F.2d 1163, 1166 (8th Cir. 1988)).

<u>United States v. Smith</u>, 561 F.3d 934, 939 (9th Cir. 2009) (affirming that an object is a dangerous weapon within the meaning of 18 U.S.C. § 113(a)(3) if it is either "inherently dangerous" or otherwise "'used in a manner likely to endanger life or inflict great bodily harm.' " (quoting <u>Riggins</u>)).

# SPECIAL JURY FINDING

We, the Jury, in the above entitled action, find the defendant, Matthew Bowen (Guilty or Not Guilty) of Deprivation of Rights Under Color of Law as charged in Count One of the indictment.

Only if the jury finds the defendant guilty of Deprivation of Rights Under Color of Law, the jury must then determine the following questions:

Do you, the jury, further unanimously find beyond a reasonable doubt that the offense charged in Count One resulted in bodily injury to A.L.-A.?

_____Yes

_____No

Do you, the jury, further unanimously find beyond a reasonable doubt that the defendant used a dangerous weapon in connection with the offense charged in Count One?

_____Yes

_____No

# AUTHORITY

18 U.S.C. § 242.

**<u>Government's Requested Jury Instruction No. 7</u>**

**<u>Count Two– Falsification of a Record</u>**
**<u>First Element – Falsified Record</u>**

First, the government has to prove as to Count Two that the defendant knowingly falsified a record or document.  A defendant falsifies a document by knowingly including within the document any untrue statement or representation or by knowingly omitting from the document any material fact.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**<u>AUTHORITY:</u>**

18 U.S.C. § 1519.

Ninth Circuit Manual of Model Criminal Jury Instructions 5.7 (2010) (Approved 3/2018).

**<u>"Falsification" includes omission</u>**

<u>United States v. Jackson</u>, 186 F. App'x 736, 738 (9th Cir. 2006) (unpublished) (upholding conviction of defendant FPS officer who omitted a confession made by another FPS officer from an official investigation report).

<u>United States v. Rowland</u>, 826 F.3d 100, 109 (2d Cir. 2016) (holding that a defendant may violate § 1519 by creating a document that is false or that misrepresents the truth).

**<u>Government's Requested Jury Instruction No. 8</u>**

**Count Two – Falsification of a Record**
**Second Element – Federal Jurisdiction**

Second, the government has to prove as to Count Two that the defendant, acting in relation to or in contemplation of the investigation or proper administration of a matter, intended to impede, obstruct, or influence the investigation or proper administration of a matter within the jurisdiction of any department or agency of the United States, here the United States Department of Homeland Security.

The government is not required to prove that any matter or investigation was pending or imminent at the time of the defendant's alleged obstructive acts, but only that the acts were taken in relation to or in contemplation of any such matter, and were intended to impede, obstruct, or influence the investigation or proper administration of that matter.  The Government must prove that the matter the defendant allegedly sought to obstruct was within the jurisdiction of an agency of the United States.

I hereby instruct you that the Department of Homeland Security and its component agencies, the Office of Inspector General and the United States Border Patrol are Departments and Agencies of the United States.  It is for you to determine whether the reports related to a matter within their jurisdiction.  The Government is not required to prove that the defendant knew that either DHS OIG or the Border Patrol were investigating the incident set forth in Count One.  Nor is there any requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.  There is also

no requirement that the government prove that the defendant's false statements actually

misled any government agency.

## **AUTHORITY:**

18 U.S.C. § 1519.

148 Cong. Rec. S7418-01, 418-S7419 (daily ed. July 26, 2002) (statement of Sen. Leahy) (specifying that "the intent required is the intent to obstruct, not some level of knowledge about the agency process, of the precise nature of the agency, or the of court's jurisdiction.").

Senate Report No. 107-146, at 143-15 (May 6, 2002), 2002WL863249 (explaining that "Section 1519 is meant to apply broadly;" 1519 "is specifically meant not to include any technical requirement, which some courts have read into other obstruction of justice statutes, to tie the obstructive conduct to a pending or imminent proceeding or matter;" "Destroying or falsifying documents to obstruct . . . investigations, which in fact are proved to be within the jurisdiction of any federal agency,  are covered by this statute.").

United States v. Green, 745 F.2d 1205, 1208-10 (9th Cir. 1984) (Interpreting analogous provision of § 1001 "No mental state is required with respect to the fact that a matter is within the jurisdiction of a federal agency, and the false statement need not be made directly to the government agency.)

United States v. Gray, 642 F.3d 371, 377 (2nd Cir. 2011) ("By the plain terms of § 1519, knowledge of a pending federal investigation or proceeding is not an element of the obstruction crime.")

### **No Need to Prove Actual Interference with Investigation**

United States v. Taohim, 817 F.3d 1215, 1222 (11th Cir. 2013) ("Section 1519, however, does not require that an investigation be pending or that the defendant be aware of one when he falsifies the record. Instead, the statute only requires that the falsification be done with intent to impede an investigation and 'in contemplation' of that investigation.").

United States v. McQueen, 727 F.3d 1144, 1151–52 (11th Cir. 2013) ("Section 1519's language requires only that a criminal defendant 'knowingly' alter, destroy, mutilate, conceal, cover up, falsify, or make a false entry. There is nothing in the language that says the defendant must also know that any possible investigation is federal in nature.").