| X | FILED | | LODGED |
|---|---|---|---|
| | RECEIVED | | COPY |

August 8, 2019

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY _____S. G. Fuller_____ DEPUTY

MICHAEL BAILEY
United States Attorney
District of Arizona
MONICA E. RYAN
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: monica.ryan@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-18-01013-CKJ (DTF) |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| Matthew Bowen, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

1. The defendant agrees to plead guilty to an Information, which charges the defendant with a violation of 18 U.S.C. § 242, Deprivation of Rights Under Color of Law, a Class A Misdemeanor.

2. The essential elements of the charge to which the defendant is pleading guilty are:

    a. The defendant was acting under color of law;

    b. The defendant deprived a person of a right secured by the Constitution and laws of the United States; and

    c. The defendant acted wilfully.

TERMS

3. The defendant understands that this guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties

4. The maximum penalties for a misdemeanor violation of 18 U.S.C. § 242 are a fine of $100,000, a term of imprisonment of 1 year, or both, and a period of not more than one year of supervised release. Probation is authorized for not more than 5 years. (18 U.S.C. § 3561(c)(2)).

5. Pursuant to Title 18, United States Code, Section 3561, et seq., at the sole discretion of the Court, and even if probation is available, the defendant instead may be sentenced to a term of imprisonment.

6. Pursuant to Title 18, United States Code, Sections 3663A(a)(1) and 3771(a)(6), victims are entitled to mandatory restitution, and the PSR will include an assessment regarding restitution if restitution is owing.

7. Pursuant to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(a) order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case;

(b) order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611 and Section 5E1.2(f) of the Guidelines, the defendant establishes the applicability of the exceptions found therein.

8. Pursuant to 18 United States Code, Section 3013, the defendant shall pay a special assessment of $25.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special

1 | assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Agreements Regarding Sentence

9. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), in exchange for defendant's guilty plea to the misdemeanor violation, the parties agree to a sentencing range of 0-12 months imprisonment, and that the government will not make a sentencing recommendation regarding imprisonment or probation. The defendant agrees that he will resign from the United States Border Patrol, and that he will submit his letter of resignation to the Border Patrol immediately following the change of plea hearing. The Indictment will be dismissed at sentencing.

10. If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

11. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

### Waiver of Defenses and Appeal Rights

12. The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The sentence imposed is consistent with the terms of this agreement provided the defendant receives a sentence of 12 months imprisonment or less. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3)

any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

13. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

### Disclosure of Information to U.S. Probation Office

14. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing: (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as

part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

### Effect on Forfeiture Proceedings

15. Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS
### Waiver of Rights

16. I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights as follows: to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; to a restitution schedule set by the Court for payment of restitution during any period of incarceration; and, to appeal or file any other challenge to my conviction or sentence.

17. I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

18. I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes.

19. My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

20. I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

21. I am satisfied that my defense attorney has represented me in a competent manner.

22. I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis

I further agree that the following facts accurately describe my conduct in connection with the offenses to which I am pleading guilty and that if this matter were to proceed to trial the government could prove these facts beyond a reasonable doubt:

> On December 3, 2017, near Nogales, in the District of Arizona, I was on duty and acting as a United States Border Patrol Agent. On that day, I arrested A.-L.A. for unlawful entry into the United States. During my apprehension of A.L.-A., I intentionally struck him with an unreasonable amount of force. My actions when I struck A.L.-A. were not justified and violated his rights protected by the Constitution of the United States.

_8/8/19_
Date

_[signature]_
Matthew Bowen
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

8-8-19
Date

Sean Chapman, Esq.
Attorney for Defendant

### GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

8/8/19
Date

MONICA E. RYAN
Assistant U.S. Attorney